# CHESTER *v.* MORGAN.

APPELLATE PRACTICE ; CITATION ; APPEALABLE ORDERS ; SPECIFIC PERFORMANCE.

1. A citation must be issued within five days after an appeal is taken under the rules of this court, and a failure to do so will subject an appellant to the dismissal of his appeal, unless there has been a waiver by the appellee, or the appeal has been taken in open court at the term at which the decree appealed from was rendered.
2. An order denying a petition for a rehearing and incidentally for leave to amend a bill of complaint, is not appealable.
3. A bill for the specific performance of an agreement to convey real estate in consideration of the performance of professional services considered, and an order sustaining a demurrer to it *affirmed*, upon the ground that the bill was too vague, indefinite and insufficient to justify the divesting of vested rights, but *modified* upon the equity manifested, so as to dismiss the bill without prejudice to complainant to institute another suit, if so advised.

No. 701. Submitted October 19, 1897. Decided November 16, 1897.

HEARING on an appeal by the complainant from a decree dismissing a bill for specific performance. *Modified and affirmed.*

The COURT in its opinion stated the case as follows:

This is a suit in equity to enforce specific performance of

an alleged contract for the conveyance of certain real estate in the city of Washington.

The bill of complaint, which was filed by the appellant here, Augustin Chester, as complainant, on November 24, 1896, sets forth that, on or about May 27, 1879, the complainant purchased a house and parcel of ground known as No. 1016 Eleventh street, northwest, in the city of Washington, the ground being lot No. 21 and part of lot No. 22, in the square No. 316; but that the title to the property was taken in the name of Ebenezer Morgan, now deceased, who furnished the money for the purchase, which was the sum of $5,500. The circumstances of the transaction, as stated in the bill of complaint, were these: The complainant had been retained by Ebenezer Morgan as his counsel and attorney in several important cases, and had rendered valuable professional services to him; and for the purpose of procuring a home for the complainant, Morgan furnished the sum of $5,500; but as this sum had not yet been fully earned by the complainant, the title to the property was taken in the name of Morgan. Under an understanding between himself and Morgan, the complainant took possession of the premises, and has continued to occupy it as a residence to the present time; and has also expended, as he claims, over $2,000 in improvements thereon.

The bill of complaint further proceeds to state "that after the complainant had performed professional services for the said Ebenezer Morgan under the said retainer, in most of the cases to a final settlement, which said services were of value far in excess of the fifty-five hundred dollars purchase-money as aforesaid, the complainant called upon the said Ebenezer Morgan to convey the said property to him (the complainant); which demand the said Morgan refused to comply with, but at the same time the said Ebenezer Morgan, in writing, declared that if the complainant would complete to final settlement two of the uncompleted cases, to wit, one, the action instituted by a certain Nancy Salter

against the said Ebenezer Morgan in the Supreme Court of Suffolk County, in the State of Massachusetts, and the other a suit brought by Morgan against J. Austin Rogers in the United States Circuit Court for the District of Rhode Island, then the said Ebenezer Morgan would pay the complainant ten thousand dollars or give him a deed in fee to the premises above described at the option of the complainant."

The bill further proceeds to state "that the complainant accepted said declaration in good faith and undertook and did fully perform his part thereof, and that the said suit against J. Austin Rogers was settled by the complainant in person, and that the action brought by the said Nancy Salter was finally terminated under the instructions, advice, and counsel of complainant;" "that the complainant, under the said declaration, as he had the right to do, elected to take a deed in fee for the premises aforesaid;" but "that, although requested so to do, the said Ebenezer Morgan, now deceased, and these defendants (meaning the appellees here) have totally failed, neglected and refused to execute and deliver to the complainant a deed in fee for the said premises."

The prayer of the bill was for the execution of a deed by the defendants; or, in default of such execution, for the appointment of a trustee to execute the same. With the exception of the statement of the place of residence of the complainant, and that of the defendants, who all appear to be nonresidents of this District, and who are alleged to be the heirs at law of Ebenezer Morgan, this is the whole sum and substance of the bill of complaint.

Upon the interposition of a demurrer to it by the defendants, the demurrer was sustained and the bill was dismissed.

From some recitals in the decree of dismissal and a note appended thereto by the justice who heard the cause, it appears that, upon the sustaining of the demurrer, the counsel for the appellant asked leave verbally to amend the bill of complaint, but without stating or offering to state any ground for the application; and for the want of such state-

ment the court refused the application, and pronounced the decree of dismissal, which was rendered on April 14, 1897.

Two days afterwards, on April 16, 1897, a petition for a rehearing and for leave to amend was filed. The allegations of this petition showed that on September 17, 1888, the complainant had filed a previous bill of complaint against Ebenezer Morgan, who was then living, for the same precise purpose for which the bill in the present case was filed, to procure to have the title to the property in question vested in himself; that, upon the death of Ebenezer Morgan—the date of which nowhere appears in the transcript of record, but which is stated in one of the briefs to have been in 1890—the cause was revived against his widow and his heirs at law; that on October 12, 1896, the bill of complaint in that case had been dismissed by the court for want of evidence to support it; that on October 16, 1896, a petition for rehearing had been filed in that cause on the ground of newly discovered evidence, such newly discovered evidence consisting of a letter from Ebenezer Morgan to the complainant, written on November 25, 1886, and a copy of which was annexed as an exhibit to the petition; that the court refused the rehearing on the ground that the letter made a different case from that sought to be made in the bill of complaint which was that of a resulting trust; that the court, however, modified the decree of dismissal by making it to be without prejudice to the complainant to institute another suit; and that thereupon the complainant, having been advised that he had mistaken his remedy in the preceding suit, instituted the present proceeding. For these reasons the petitioner asked leave to amend his bill so as to show in it that the preceding bill had been dismissed without prejudice; that there was a contract in writing between himself and Ebenezer Morgan, under date of November 25, 1886 (the letter hereinbefore referred to), for the conveyance of the property to the complainant; that the complainant had performed his part of that contract before

October 14, 1887, and had thereupon elected to take the real estate (instead of the alternative $10,000), and had requested a conveyance thereof from Morgan; that there was no relation of landlord and tenant between Morgan and himself; that his improvements upon the property were not in lieu of rent; and that his claim to a deed had been continuously asserted from prior to November, 1886.

This petition for a rehearing and for leave to amend was denied by the court on May 3, 1897, and on May 19, 1897, the complainant appealed both from the decree of dismissal of April 14, 1897, and from the order of May 3, 1897, denying the petition. Citation was not issued until June 4, 1897, service of which was had on the subsequent day.

*Mr. John Raum* for the appellant.

*Mr. Wm. T. S. Curtis* and *Mr. A. A. Hoehling, Jr.,* for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

1. After the filing of the transcript of record in this court, the appellees, appearing specially for the purpose, moved to dismiss the appeal on the ground that the citation had not been issued within the time limited for the purpose by the rules of this court, which require that such citation shall be issued within five days after the taking of the appeal. That motion, however, was continued until the hearing on the merits. It is proper that it should now be noticed.

Citation is intended for the purpose of notice; and parties are not entitled to bring their causes to this court by appeal without due notice to opposing parties, unless there has been a waiver of such notice, or unless the appeal has been taken in open court at the term at which the decree appealed from was rendered. There is controversy in this case whether an appeal was not actually taken in open court; and there is also contention that by the presence of counsel in court when the appeal bond was approved the citation was waived or became unnecessary.

But, in view of the conclusion which we have reached on the merits of the case, although with the admonition that we can not entertain appeals until parties have been duly summoned into court in the mode prescribed by the rules, we deem it unnecessary in the present case to determine the question here raised by the motion of the appellees.

2. The appeal of the complainant from the order of May 3, 1897, denying his petition for a rehearing and incidentally for leave to amend his bill of complaint, can not, of course, be entertained. The order is not an appealable order. It is well settled law that the matter of rehearing, and of granting or refusing leave to amend, is wholly discretionary with the justice who hears the cause, and it is not subject to review in an appellate tribunal. Moreover, the circumstances of the case would seem to indicate that the refusal was entirely proper.

3. Upon the merits of the case we likewise concur in the conclusion reached by the court below.

While the statements of fact in the bill of complaint must for the present hearing be accepted as true, since the cause was heard on the bill of complaint and the demurrer thereto, yet those statements are strangely insufficient and unsatisfactory, when, if the complainant had a good cause, it was exceedingly easy for him to have stated it. It is not made to appear, except by inference or by conjecture, that there was any contract or memorandum in writing signed by Ebenezer Morgan whereby the latter became bound to convey the property in controversy. It does not appear in the bill of complaint when the alleged declaration was made or the alleged contract was executed by Morgan. It does not appear positively that the professional services alleged by the complainant were those required by Morgan. It does not appear when these services were rendered. It does not appear when Morgan died, nor even that he is dead, except by implication, or whether he died testate or intestate; or how the defendants are his heirs at law; or how any duty

has been imposed upon the defendants in the premises; or what demand, if any, has been made upon the defendants for the performance of such duty. Nor is there any explanation whatever of any kind for the long and unreasonable delay in the enforcement of the claim, if the claim arose as far back as 1887, as we may possibly infer from certain statements in the transcript before us not properly part of any record which we can consider. The bill is remarkably and most extraordinarily vague and indefinite, where certainty was easy, and entire accuracy of statement was within the control of the complainant.

It is very true that some important statements of fact omitted from the bill of complaint appear in the petition filed for a rehearing or in the exhibits annexed to or incorporated with that petition. And even the letter from Ebenezer Morgan to the complainant, under date of November 25, 1886, which seems to be the foundation of the suit, only appears from a reference to it in the petition for a rehearing as an exhibit to the previous petition for a rehearing in the former suit. But we can not consider these petitions and exhibits. They are not introduced into the record before us in any such manner as properly to become parts of that record.

It would be manifestly improper, upon any such vague, indefinite and insufficient bill of complaint as that now before us, to divest and transfer vested rights of property. For the divesting of vested rights, the statement of a bill of complaint, as well as the proofs in support of them, must be strong and satisfactory, and leave no reasonable doubt of the right of the complainant. *Pope Manufacturing Co.* v. *Gormully,* 144 U. S. 224; *Hennessey* v. *Woolworth,* 128 U. S. 438.

We cannot see how the court below could well have done otherwise than dismiss the complainant's bill. But inasmuch as the complainant's statement of his case, inadequate though it be, manifests some equity, which he may possibly

be able sufficiently to state and to sustain by adequate proof, we think that the decree of dismissal, notwithstanding that it seems to be the second decree of the same kind, should be without prejudice to him to institute another suit in the premises, if he be so advised. With this modification of the decree of the court below, we are of opinion that the decree should be *affirmed, with costs. And it is so ordered.*