**STOKES et al. v. HINDEN et al.**

No. 6600.

United States Court of Appeals for the
District of Columbia.

Argued April 15, 1936.
Decided May 25, 1936.

Carl A. Marshall, Raymond M. Hudson,
and Minor Hudson, all of Washington, D.
C., for appellants.

Norman Fischer and Stanley Fischer,
both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and
VAN ORSDEL, GRONER, and STE-
PHENS, Associate Justices.

PER CURIAM.

The purpose of the bill is to set aside
and declare of no effect a sale of property
in the District of Columbia made by a
trustee appointed by an order of court in
the place and stead of the surviving trustee,
who declined to serve.

Appellants had in 1932 executed a deed
of trust conveying to two trustees certain
property to secure to the holders of trust
notes the sum of $3,000. The trust deed
named Samuel A. Drury and James B.
Nicholson as trustees. Nicholson died and
Drury later declined to accept or execute
the trust. Thereafter some of the notehold-
ers, in accordance with the appropriate
District of Columbia statutes, applied to the
court for the appointment of a new trustee
to execute the trust. The statutes require
notice to the trustee intended to be dis-
placed by the proceeding, and also provide
that the court (unless the debtors appear
and admit the allegations of the petition)
may issue a rule against the debtors to show
cause why the appointment should not be

made. The statutes were complied with, appellee Hinden was substituted as trustee, the property was sold, and was bought in by the two appellees Harris.

The assignments of error are:

1. The court erred in holding that where one of two trustees dies and the other declines, a trustee, appointed as substitute in the place of one only, can sell the property without the substitution of a trustee for the other.

2. The court erred in holding that a substituted trustee, appointed and authorized by the court, may sell real estate without advertising as required by sections 847–849, Title 28, U.S.C.A.

3. The court erred in holding that an employee of the beneficiaries' attorneys, who is influenced by the beneficiaries, may properly act under the deed of trust, where originally there were two trustees named.

4. The court erred in holding that appellees Harris could not be held to their agreement to reconvey the property.

5. The court erred in granting the motion to dismiss; and in denying leave to amend.

We think there is no substance to any of these assignments.

█ Sections 193, 194, 201, 204, 209, title 25 of the 1929 D.C.Code, provide appropriate action in a case like this. By Nicholson's death, Drury became surviving trustee. When Drury declined to accept the trust, the creditors were entitled, under the sections mentioned, to have some one appointed in his place; and the wording used in these sections indicates no intention that a trustee should be substituted for each of the original trustees, where there are more than one, but only for the surviving trustee.

██ The second ground of error is that the sale made by the trustee appointed by the court was a judicial sale and covered by the provisions of the Judicial Sales Act approved April 24, 1935 (sections 847–849, title 28, U.S.C.A.), which requires four weeks' advertisement of a sale, whereas in the instant case only eleven days' notice was given. But we think the Judicial Sales Act does not apply to an appointment of this character, and that section 205, Title 25 of the D.C.Code, is applicable. It provides: "If the length of notice and terms of sale are not prescribed by the mortgage or deed of trust, or be not left therein to the judgment or discretion of the mortgagee or trustee, any person interested in such sale may apply to the court, before such sale is advertised, to fix the terms of sale and determine what notice of sale shall be given."

Appellants had due notice of the proposed substitution and sale, but made no application in accordance with the statute; and the trust itself provided the terms and conditions on which the sale should be had. The trustee appointed by the court, upon his appointment, had all the powers vested in the original trustees and, unless instructed by the court differently, was entitled to proceed in accordance with the terms of the trust. The point made in this respect has already been disposed of by Anderson v. White, 2 App.D.C. 408, 418, and Smith v. Jackson, 48 App.D.C. 565, 567.

█ The third point is based on the allegation that the trustee appointed was an employee of the attorneys for the noteholders, and that the court was ignorant of this relationship. But appellants do not allege that they, too, were ignorant of the relationship, and they had an opportunity at the proper time and place to inform the court of any facts disqualifying the proposed trustee. Having failed then to object, it is now too late.

█ The next point is that the trustee should have postponed the sale because the debtors were trying to refinance their loan and also because the times were unfavorable to a sale. A similar contention was disposed of adversely to appellants' present claim in Anderson v. White, supra. The allegations made in the bill fall far short of showing ground for relief on this point.

█ We were told in the argument that the appellees Harris had agreed that if they purchased the property they would reconvey it to the debtors, presumably if the debtors arranged satisfactory terms with them. But it is not charged that this agreement was in writing or that any consideration passed. In the circumstances it is too indefinite to be made the basis for relief. See Chester v. Morgan, 11 App.D.C. 435, 441.

██ The last assignment is that the court erred in refusing the application to amend the bill. It is perhaps enough to say that nothing is shown in the record to indicate what was proposed to be included in the amendment, but in addition to this, we have said repeatedly that the matter of amendment of pleadings in equity at the time of the hearing or after the decision of the court on the original pleadings, is one of

discretion which we will not interfere with except for very strong reasons. There are no strong reasons here.

On the whole case we are clearly of opinion that the decision of the lower court was in all respects correct, and the same is therefore affirmed.

Affirmed.