Dorothy GRIER et al., Appellants,

v.

Gerald ROWLAND et al., Appellees.

No. 13918.

District of Columbia Court of Appeals.

Submitted Oct. 17, 1979.

Decided Dec. 6, 1979.

Jeffrey C. Tuckfelt, Washington, D. C., for appellants.

Cynthia A. Niklas, Washington, D. C., for appellees.

Before NEWMAN, Chief Judge, and NEBEKER and KERN, Associate Judges.

PER CURIAM:

Appellants' civil action was dismissed *ex parte* for failure to comply with

an order requiring discovery of documents and records. This discovery order had been entered thirteen days earlier, also *ex parte,* and in derogation of the notice requirements of the Superior Court Civil Rules. Upon learning of the dismissal, appellants filed a Motion to Reinstate the action, asserting as grounds that due process was denied them by the lack of any notice of, or an opportunity to be heard in opposition to, the Motion to Compel Discovery. The Motion to Reinstate was denied and this timely appeal followed. We reverse the denial of appellants' motion for reinstatement because of three violations of the Superior Court Civil Rules which provide for notice of the filing of motions and orders. These violations had the effect of denying appellants the due process of law guaranteed by the Fifth Amendment.[1]

# I

Plaintiffs-appellants initiated this personal injury action by a complaint against defendants on January 21, 1976. After various pretrial motions and proceedings a pretrial conference was held before Judge McArdle on March 28, 1978, and a pretrial order entered. The pretrial order did not require production of any documents, although counsel for appellants acknowledges here that production of some documents, pursuant to a previous request for production served by appellees-defendants, was contemplated by the pretrial statements. Throughout these proceedings, however, the nature and existence of the documents has been controverted.

On April 14, 1978, the defendants filed a Motion to Compel Production of Documents and plaintiffs subsequently filed an Opposition to the motion. Both the Motion and the Opposition were returned to respective counsel on May 3, 1978, by the Civil Motions Commissioner's Office because, with a pretrial order having been filed, such a motion could not be filed without leave of court. Super.Ct.Civ.R. 16–I(a). With the Motion rejected, the Opposition became superfluous, although both the Motion and the Opposition remained in the record.

On May 23, 1978, defendants lodged their Motion to Compel Production of Documents, together with a Motion for Leave to do so, and also filed a Motion to Amend [the] Pre-Trial Statement. At this time counsel for plaintiffs did not oppose the Motion for Leave, in order that the Motion to Compel could be heard and resolved. Filing an Opposition to the substantive Motion to Compel would have been premature, however, until the Motion for Leave had been granted, particularly in these circumstances where the Opposition had been returned once already as superfluous.

Thereafter, on June 9, 1978, Judge McArdle, sitting as Civil Motions Judge, granted appellees' Motion for Leave in an order which deemed the Motion to Compel filed "as of the date of this Order." Simultaneously, Judge McArdle also issued orders granting defendants' Motion to Compel and their Motion to Amend Pre-Trial Statement, the latter order actually amending the Pre-Trial *Order* "to reflect defendants' Pre-Trial Statement regarding production of documents by plaintiffs." The order granting the Motion to Compel gave plaintiffs ten days in which to comply.

No opportunity was provided plaintiffs to oppose the substantive motions, although the motions were deemed to have been filed the same day as granted and Superior Court Civil Rule 12–I(e) allows ten days for filing an opposition to a motion. Counsel for plaintiffs not being present, notice of the three orders was mailed. Pursuant to Superior Court Civil Rule 6(e), regulating the computation of time, three additional days are to be allowed when notice of an order is mailed. In addition, Superior

---

1. We also note that dismissal for failure to comply with a discovery order is the most extreme sanction available under Super.Ct. Civ.R. 37(b) and runs counter to accepted judicial preference for a decision on the merits. A trial court in this situation should inquire into the nature of the noncompliance, its prejudicial effect on the moving party, and the possibility of alternative, less harsh remedies. *Pollack v. Brown,* D.C.App., 395 A.2d 50 (1978); *Koppal v. Travelers Indemnity Co.,* D.C.App., 297 A.2d 337 (1972).

Court Civil Rule 77(d) requires the court clerk to note in the docket the fact of the mailing of the notice, but no such entry was ever made in this case.

On June 22, 1978, exactly thirteen days after the entry of the June 9 orders, counsel for defendants, without giving any notice of her intention to do so, filed a handwritten affidavit of non-receipt of the documents requested and succeeded, through an *ex parte* proceeding, in having the case dismissed in a Praecipe by Judge Pryor.[2] Apparently Judge Pryor was not made aware of the fact that notice of the order to compel had been mailed, requiring an allowance of an additional three days for compliance, nor of the circumstances of the entry of the *ex parte* discovery order. No notice of the dismissal was mailed to plaintiffs' counsel.

Two days before the dismissal, on June 20, 1978, plaintiffs' counsel upon returning from a four-day trip, first received notice of the June 9 orders, and thereupon filed, on June 29, a Motion for Reconsideration and for Stay of Orders of June 9, 1978. From defendants' Opposition to this motion, filed July 7, 1978, plaintiffs first learned of the dismissal. Plaintiffs' counsel then filed their Motion to Reinstate on July 20, 1978, which was denied per Order of August 4, 1978, by Judge McArdle, from which denial this appeal was taken.

## II

We reverse the denial of the motion to reinstate and remand for further proceedings. The several violations of the Superior Court Civil Rules denied appellants both an opportunity to oppose the Motion to Compel and the full time period allowed for compliance with the order to compel, thus denying appellants due process of law. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (due process requires notice and an opportunity to be heard); *Societe Internati-*

*onàle v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (requirements of due process limit entry of dismissal for failure to allow discovery).

■ With regard to appellants' opportunity to oppose the Motion to Compel, the motions judge committed error in simultaneously granting both the Motion for Leave to File and the Motion to Compel where opposing counsel was not present and was not given an opportunity to oppose the Motion to Compel. Failure to oppose the Motion for Leave operated as a concession of that Motion, Super.Ct.Civ.R. 12–I(e), but did not so affect the Motion to Compel, which was properly deemed to have been filed only on the day the Motion for Leave was granted. Upon the filing of the substantive Motion to Compel, appellants were entitled to "reasonable notice" of the motion, Super.Ct.Civ.R. 37(a), which Superior Court Civil Rule 12–I(e) suggests should be a minimum of ten days' time in which to file a statement of opposing points and authorities. Here the appellants were given no notice and absolutely no opportunity to oppose the Motion to Compel, a fundamental error upon which the motions judge should have granted appellants' motion to reinstate.

Where opposing counsel is present and willing to go forward with the substantive motion after a leave to file is granted, there would be no denial of due process and the litigation could be properly expedited. In the instant case, particularly where appellants' prior Opposition had been previously filed and the docket entries reflected this fact, there was no basis on which to grant the Motion to Compel without an opportunity for opposition. The opportunity to oppose the Motion to Compel at a minimum would have enabled appellants to help frame an order which specified the documents sought with more particularity and clarified the duty imposed on appellants.

---

2. The Praecipe is dated June 20 and stamped "Filed Jun 21, 1978" by the Clerk's Office, although the supporting affidavit, referred to by Judge Pryor in a handwritten notation next to his signature on the Praecipe, is dated June 22 and stamped "Filed Jun 22 10:46 AM '78". The docket entry shows the Praecipe filed on June 22, and this is the date we adopt.

■ With regard to the timing of the order of dismissal, just thirteen days after entry of the order to compel discovery, the order to dismiss was premature. The order to compel discovery gave appellants ten days in which to comply. To this time there should have been added three additional days, pursuant to Superior Court Civil Rule 6(e), because notice of the order was mailed. *See United Retail Cleaners & Tailors Ass'n v. Denahan*, D.C.Mun.App., 44 A.2d 69 (1945) (former rule 6(e) allows one additional day when notice is mailed). This full thirteen-day period had not yet expired when the order of dismissal was entered. Although on these facts it does not appear that appellants would have been in compliance had one more day passed before the order of dismissal was entered, the order should not have been entered until the full time period for compliance had passed.

Furthermore, in this case appellants contend that counsel did not receive notice by mail of the June 9 orders until June 20, and never received notice from the court clerk of the order of dismissal of June 22. Thus, we have presented in this case an example of a violation of Super.Ct.Civ.R. 77(d) by the court when (1) it entered the order out of the presence of the parties or their counsel and (2) failed to alert the appropriate court official so he could comply with the rule. This is not an isolated instance. In numerous cases this court has been confronted with the failure of the trial court docket to reflect a proper Rule 77(d) entry. No doubt that failure resulted from the fact that a trial judge's staff member has entered the order and sent a copy to the parties or counsel. With no entry under Rule 77(d), a proper docket entry is not made from which notice of appeal time begins to run.[3] Therefore, it is possible that finality of a judgment is jeopardized, and control lost over timely noting of an appeal. *See* D.C.App.R. 4 II(a)(3).

■ Our authority and responsibility under D.C.Code 1973, § 17–302 to "regulate, generally, all matters relating to appeals . . . in the court below" requires us to direct that in the future no trial court judge may enter an order out of the presence of the parties or their counsel without first submitting it to the proper officer so that an official copy may be forwarded and an appropriate docket entry may be entered. *Cf. Weedon v. Gaden,* 136 U.S.App.D.C. 1, 2, 419 F.2d 303, 304 (1969) (appellees cite notation of mailing of notice by clerk, pursuant to Fed.R.Civ.P. 77(d), as evidence notice was sent).

Accordingly, the denial of the motion to reinstate is reversed, and the case remanded for further proceedings.

*So ordered.*

---

3. The court clerk has not followed this rule in the instant case. This failure does not operate to invalidate the notice. *See* Super.Ct.Civ.R. 77(d) ("Such mailing [of a notice of an order] is sufficient notice for all purposes for which notice of entry of an order is required by these rules . . . .").