Decozie EVANS, Appellant,

v.

Elzie EVANS, Appellee.

No. 80–972.

District of Columbia Court of Appeals.

Argued Oct. 14, 1981.

Decided Feb. 3, 1982.

Charlotte Holden, Washington, D. C., for appellant.

Robert J. Harlan, Jr., Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and PRYOR and BELSON, Associate Judges.

PRYOR, Associate Judge:

This case stems from the aftermath of a domestic dispute. The present appeal is from a trial court's order granting the appellee's (the former husband) motion to compel a court ordered sale of marital property previously divided by a divorce decree. In this court appellant asserts that she was denied adequate notice of the sale in violation of Super.Ct.Civ.R. 5 and 77(d). We agree and therefore reverse.

I.

At the conclusion of a contested divorce action, initiated by appellee, the trial court entered a judgment of absolute divorce on July 14, 1978. In doing so, it granted appellant a thirty percent interest in the marital abode. Appellee received the remaining equitable interest. The decree further provided that, in the absence of conveyance through mutual agreement of the parties, "the court will take whatever further action is necessary to divide the property." When the parties were unable to reach agreement regarding the fair market value of the property, appellee filed a motion to authorize sale of the property and divide the net proceeds thereof. Appellant opposed the sale and also sought injunctive relief. On July 16, 1979, the trial court signed an order granting appellee's motion to sell the marital abode. In addition, it appointed a trustee and two appraisers to implement its order.

On February 4, 1980, the trustee filed a Petition for Authority to Sell the Real Estate, requesting the court to grant him the authority to sell the subject property to Lawrence D. Diamond Enterprises, Inc. for $35,000.00. On the same day, the court issued an *ex parte* Order *Nisi* stating "that the sale [to Diamond] would be ratified and confirmed unless cause be shown to the contrary or a higher offer acceptable to the court be made on or before February 20, 1980 at 10:00 a. m., courtroom 45, at which time higher offers would be considered and objections to said sale heard; provided that a copy of this order be published once in the Washington Law Reporter, and once in the

Afro-American . . . ." Neither the trustee's Petition for Authority to Sell nor the Order *Nisi* was served on the parties. No cause having been shown and no higher offers having been made, on February 20, 1980, the court issued an order ratifying the sale of the property to Diamond.

Appellant learned that the house had been sold in early March 1980 after receiving telephone calls from Mr. Diamond instructing her to vacate the premises. She was later informed that she would be allowed to purchase the house from Diamond for $55,000.00.

On March 14, 1980, appellee filed a motion requesting the court to direct appellant to comply with the contract of sale and to vacate the premises. Appellant filed an opposition motion and moved to vacate the Order *Nisi* of February 4, 1980 and the Order Ratifying the Sale of Real Estate by the trustee dated February 20, 1980. She urged that she had received no notice, as the Rules prescribe, of the judicial proceedings which effectuated the sale. The court granted appellee's motion to compel compliance with the Trustee-Diamond contract and ordered the appellant to vacate the marital abode.

## II.

This court, in *Grier v. Rowland*, D.C.App., 409 A.2d 205 (1979), recognized that violations of the Superior Court Rules which provide for notice and an opportunity to be heard have the effect of denying a litigant due process of law. *Id.* at 207. It is undisputed that the Trustee's Petition For Authority to Sell Real Estate, filed on February 4, 1980, was not served on either party as required by Super.Ct.Civ.R. 5. Moreover, the Order *Nisi* was issued *ex parte* and never served on either party or their respective counsel. In this regard, Super.Ct.Civ.R. 77(d) explicitly requires the clerk to serve notice of the entry of an *ex parte* order by mail in a manner provided by Rule 5 and to make a note in the docket reflecting that the service has been mailed to the parties. Moreover, in *Grier v. Rowland, supra,* this court stated that "no trial judge

may enter an order out of the presence of the parties or their counsel without first submitting it to the proper officer so that an official copy may be forwarded and an appropriate docket entry may be entered." *Id.* at 208. *See Williams v. United States,* D.C.App., 412 A.2d 17, 20 (1980).

Thus, the appellant who throughout the proceedings had expressed her desire to purchase her husband's interest in the property, was deprived of the opportunity to do so. The lack of notification also precluded her from raising objections to the Trustee-Diamond contract of sale. We therefore conclude that the court's denial of appellant's motion to vacate the Order *Nisi* of February 4, 1980, and the order of February 20, 1980, ratifying the sale of the property, was erroneous as a matter of law and remand for further proceedings in compliance with Rules 5 and 77(d).

*So ordered.*