Charles J. FARMER, Appellant,

v.

Rhonda R. FARMER, Appellee.

No. 86–405.

District of Columbia Court of Appeals.

Submitted April 2, 1987.

Decided June 5, 1987.

Alan Anderson, Washington, D.C., for appellant.

James T. Wright, Washington, D.C., for appellee.

Before MACK, ROGERS, and STEADMAN, Associate Judges.

ROGERS, Associate Judge:

This appeal arises out of a successful Order Nisi and Petition for Proposed Sale filed by a trustee seeking court approval of the sale of a house belonging to appellee Rhonda Farmer and her former husband, appellant Charles Farmer, as tenants in common in equal shares. The principal issues are whether appellee's motion for the appointment of trustees to sell real property effectively commenced a civil action for partition and whether the trial court's refusal to consider a competing offer to purchase was contrary to Super.Ct.Civ.R. 308. Because the Family Division's jurisdiction over the divorce case had terminated by the terms of the order granting the divorce, appellee could have filed a new civil action for partition under D.C.Code § 16–2901 (1981). The order did not, however, deprive the Family Division of jurisdiction to partition the property. Accordingly, because appellee's motion to appoint trustees was tantamount to a complaint, the judge sitting in the Family Division could properly proceed, in the exercise of general Superior Court jurisdiction, to grant the motion and ultimately to enter a judgment pursuant to the partition statute. We also hold that appellant has raised meritorious objections to the conduct of the sale under Rule 308 that require reversal.

I

Rhonda and Charles Farmer were married in the District of Columbia on November 24, 1973. The parties became joint owners, as tenants by the entirety, of a house located at 2918 12th St., N.E., Washington, D.C. Mr. Farmer was granted an absolute divorce from Ms. Farmer by order dated April 25, 1978, in the Family Division of the Superior Court. (CA No. D332877.) The 1978 order also stated that

> the property owned by the parties herein as tenants-by-entirety is now held by them as tenants-in-common, and that each is awarded equity therein amounting to 50%; and further that the Court shall retain jurisdiction over the property only, for a period of ninety days, or until July 12, 1978, when the Court shall review the division or non division of said property by the parties herein and make whatever Orders pertaining thereto as are necessary; that Charles J. Farmer is directed to pay all mortgage payments on the jointly owned property.

The record reflects no further litigation during the period in which the Family Division order expressly retained jurisdiction. Mr. Farmer remained the sole occupant of the marital home.

Three years later, on August 11, 1981, Ms. Farmer sought partition of the marital home by filing a motion for the appointment of trustees to sell real property. The motion was docketed under the same case number as the original divorce action. Mr.

Farmer did not file an opposition to this motion, but he did enter a personal appearance before the court. Relying on the 1978 order, the Family Division judge found that Ms. Farmer was threatened with irreparable injury, presumably from Mr. Farmer's delinquency in mortgage payments, and appointed Don Lockett Young, Esq., and Ms. Farmer's attorney, W. Theophilus Jones, Esq., as trustees for the purpose of selling the property and distributing the proceeds.

Four years later,[1] on November 19, 1985, the surviving trustee,[2] W. Theophilus Jones, filed a Petition Nisi in the Family Division seeking approval of a cash sale of the home for $56,000, subject to a 6% commission for the real estate broker. The following day the judge approved an Order Nisi and the proposed method of publication, and declared that the sale would be ratified unless "cause be shown to the contrary or a higher offer for said real estate acceptable to the Court be made on or before" a hearing scheduled for December 18, 1985 at 10:00 a.m. In response, Mr. Farmer filed, through counsel, objections to the proposed sale and appeared with counsel at the December 18, 1985 hearing. The hearing was continued pending the submission of a third appraisal, as required by Super.Ct.Civ.R. 308(c)(2), at a second hearing scheduled for December 30, 1985.

An order approving the sale was entered on January 9, 1986. This appeal followed.

## II

■ Mr. Farmer's first challenge is to the jurisdiction of the Family Division to approve the sale.[3] He contends that its jurisdiction had been lost under the 1978 order granting the divorce and that the filing of a new civil action for partition under D.C.Code § 16–2901 (1981) was Ms. Farmer's exclusive and adequate remedy. A tenant in common is entitled to seek partition as a matter of right, *Hinton v. Hinton*, 395 A.2d 7 (D.C.1978), and an action for partition could have been brought. "Once determined, property rights stemming from D.C.Code § 16–910 (dissolution of property rights upon divorce) are no different in their finality from any other creation or transfer of property rights." *Carter v. Carter*, 516 A.2d 917, 923 (D.C. 1986); D.C.Code § 16–2901 (1981). We conclude, however, that Ms. Farmer has achieved the same result by filing a motion in the Family Division.

■ Although the judge granting the parties' divorce could have retained Family Division jurisdiction over the divorce action, by the terms of the 1978 order the Family Division had ceased to have jurisdiction over the property aspects of the divorce case[4] when Ms. Farmer filed a motion in 1981 to appoint trustees.[5] Because

---

1. The record reflects that Ms. Farmer had earlier obtained an order to compel entry for the purpose of appraisal. In her brief on appeal, she attributes some of the delay to actions taken by Mr. Farmer. At the hearing, Ms. Farmer's attorney represented that the delay was caused by Mr. Farmer's statements that he was making arrangements to buy the property himself.

2. In the trial court Mr. Farmer did not challenge the fact of Mr. Young's death, and the remaining trustee was free to act unilaterally. *Stokes v. Hinden*, 66 App.D.C. 34, 85 F.2d 200 (1936).

3. Mr. Farmer may raise this issue for the first time on appeal because it is jurisdictional and because, when the trial judge has merely authorized the appointment of a third party to arrange a sale subject to court approval, there is no appealable order until the judge has finally approved the sale. *See In re Parsons*, 328 A.2d 383 (D.C.1974), *cert. denied*, 423 U.S. 803, 96 S.Ct. 11, 46 L.Ed.2d 24 (1975).

4. The order refers only to "the division or non division" of the property. Neither party has argued that the Family Division retained continuing jurisdiction for purposes of a subsequent sale in which division of the property was not an issue. The 1978 order is, in our view, most reasonably construed as not contemplating continuing jurisdiction over a subsequent sale through partition since partition involves, as is contemplated by the statute and court rules, matters distinct from divorce, custody, property *division*, and the like.

5. No issue is raised with respect to the jurisdiction of the Family Division to make the original determination of rights to the marital home, pursuant to the divorce case, Super.Ct.Gen. Fam.R. A(a)(1) & (8), or to the Family Division judge's ruling that the Farmers would hold title to the house in equal shares as tenants in common.

there was no continuing jurisdiction in the divorce action, it was erroneous for appellee both to style the pleading as a motion and to file it under the same docket number as the divorce action. This error does not mean, however, that the Family Division was without jurisdiction over the partition proceedings.

■ Section 11–921(a) of the D.C.Code vests the Superior Court of the District of Columbia with general jurisdiction over any civil action, whether in law or in equity. Accordingly, this court has recognized that "there is no jurisdictional limitation prohibiting one division or branch from considering matters more appropriately considered in another, and dismissal of an action is proper only where none of the divisions possess a statutory basis for the assertion of jurisdiction." *Ali Baba Co. v. Wilco, Inc.*, 482 A.2d 418, 426 (D.C.1984); *see also Andrade v. Jackson*, 401 A.2d 990, 992 n. 5, 992–93 (D.C.1979). The partition statute, D.C.Code § 16–2901, provides only that "The Superior Court ... may decree a partition of lands ... on the complaint of a tenant in common...." Therefore, where the claim has a rational nexus to a subject matter within the responsibility of a division of the Superior Court, that division may rely upon its general powers in accepting jurisdiction over the claim. *See Poe v. Noble*, 525 A.2d 190, 195 (D.C.1987); *Felder v. Allsopp*, 391 A.2d 243, 245 (D.C.1978) (adjudication of parentage to determine visitation rights under general equity jurisdiction). Whether the instant case should be resolved "in the Civil Division ... or by transferring the case for a determination ... in the Family Division turns on discretionary internal operating procedures of Superior Court administration." *Carter, supra*, 516 A.2d at 923 (commencement of property action in Civil Division after completion of divorce action); *cf. Millman Bro-*

*der & Curtis v. Antonelli*, 489 A.2d 481, 483 (D.C.1985); *Ridgley v. Ridgley*, 188 A.2d 296 (D.C.1963) (pre-reform family court jurisdiction over real property disputes arising out of divorce). Although Super.Ct.Dom.Rel.R. 1(8) restricts the Family Division's rules of procedure to property disputes in the divorce action, the Farmers' property dispute arose out of such a dispute and we see no principled basis on which to conclude that subsequent division jurisdiction should depend on whether the divorce action was technically continued.[6]

■ It is clear Ms. Farmer's motion to appoint trustees was tantamount to the commencement of a new action in Family Division. Super.Ct.Dom.Rel.R. 3 and Super.Ct.Civ.R. 3 state that a "civil action ... is commenced by filing a complaint with the Court." Under Super.Ct.Civ.R. 8(a), "a complaint is sufficient so long as it fairly puts the defendant on notice of the claim against him." *Scott v. District of Columbia*, 493 A.2d 319, 323 (D.C.1985). The label on the request for relief is not determinative. *Id.; Lee v. Foote*, 481 A.2d 484, 487 n. 8 (D.C.1984); *Marshall v. Weyerhauser Co.*, 456 F.Supp. 474, 477 n. 2 (D.N. J.1978); *see also* Super Ct.Civ.R. 8(f) ("all pleadings shall be so construed as to do substantial justice"). The motion provided Mr. Farmer with full notice that Ms. Farmer was seeking the appointment of a trustee and the partition of the jointly held property.[7] He has not shown any prejudice in this regard, and we find none. Moreover, although Ms. Farmer had an adequate remedy under ordinary partition proceedings, *see Leftwich v. Leftwich*, 442 A.2d 139, 145 (D.C.1982) (merger of law and equity does not erode limits on equitable relief), the finding of the Family Division judge that "irreparable injury may be suffered by [Ms. Farmer] if the said

6. The parties agree that the judge sitting in the Family Division originally declined to preside over the December 18 confirmation hearings, and that it was then taken before a judge in the Civil Motions Division. That judge, however, upon noting the origin of the case in Family Division, sent the parties back to the judge in the Family Division. *See generally Millman Broder & Curtis v. Antonelli, supra*, 489 A.2d at

483 (waste of judicial resources to refer summary judgment motion to another division).

7. Mr. Farmer's objection to the adequacy of the notice of the Order Nisi proceeding and of the subsequent confirmation hearing also raises nonjurisdictional issues under Super.Ct.Civ.R. 308. *See* Part IIIB, *infra*.

property remains in the present status," relates to her property rights, and not to an issue of family law. *Carter, supra*, 516 A.2d at 923; *compare Wood v. Wood*, 360 A.2d 488, 492 (D.C.1976). Nothing in the record before us suggests that this finding was clearly erroneous or an abuse of discretion. *See Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982) (appellant has burden of providing adequate record for review on appeal). Moreover, Mr. Farmer has not been denied any rights under the partition statute.

### III

Mr. Farmer also contends that the Family Division judge failed to comply with Super.Ct.Civ.R. 308,[8] which applies to sales of real property pursuant to Superior Court order, and otherwise abused his discretion in approving a private cash sale for $56,-000, subject to a six percent commission, while rejecting Mr. Farmer's brother's structured offer to purchase the property for $59,000, $35,000 to be paid on the day of conveyance and the balance to be secured and financed under two deeds of trust.

### A.

■ At the hearing on December 30, 1985, the judge declined to approve Mr. Farmer's brother's competing offer on the ground that "I'm not even sure that he's in a position to purchase or that he's a good

faith purchaser of the property; in any event, it was an eleventh hour attempt to forestall what had been put well on track...." Ms. Farmer did not contest the brother's good faith and, absent some evidence suggesting bad faith, relatives and interested parties should enjoy an equal opportunity to purchase the property. *Cf. Heller v. Lamar*, 64 App.D.C. 266, 77 F.2d 389 (1935); *Evans v. Evans*, 441 A.2d 979 (D.C.1982). Further, given the ten-day publication provision of Rule 308(c)(4), such offers will necessarily be made at the eleventh hour, and this court can find no evidence of bad faith in the record. Nevertheless, even if the grounds of the ruling are erroneous, the decision of the trial court must be affirmed if the result is correct. *Ibn-Tamas v. United States*, 407 A.2d 626, 635–36 (D.C.1979).

Our review of the record indicates the judge articulated different reasons for rejecting the competing offer during the two hearings in December. At the first hearing on December 18, the judge appears to have ruled that the brother's competing offer could not be considered under Rule 308 because it did not propose all cash terms.[9] At the time, however, the judge had not yet received a third appraisal, *see* Rule 308(c)(2) & (3), and the hearing was continued until December 30. Then, on December 30, the judge appeared to switch to the "eleventh hour/bad faith" reasoning. Moreover, it is not evident from the record

---

**8.** The Family Division analog, Super.Ct.Dom. Rel.R. 308, was deleted as inappropriate to Family Division practice, but the judge in the instant case proceeded pursuant to the general jurisdiction of the Superior Court. *See* Part II, *supra*.

**9.** THE COURT: Is [the $56,000] an all cash sale offer?
COUNSEL FOR MS. FARMER: Yes, it is, Your Honor. Now, in answering that there was a trust on it but I have the salesman plus the future buyer here and once they will amend the order to place the all cash—just strike out the word assumed here—it was advertised as all cash—it will be all cash. It's just a question of paying off another trust which will be adequately be done—they're advised in Court here now—it's gone over (indiscernible). If Your Honor would check that contract that you have before you there which was filed in here—whether it says No. 1

financing—instead of the word assumed they replace trust—strike in twelve percent is all cash. It's not to assume—the word is to—if the contract is revised by knocking out the price and the buyer is there to sign and assume she would, it's understood that this is a cash deal—an all cash price of fifty-six thousand dollars. It was advertised as such.
THE COURT: *Well, Mr. Anderson,* [counsel for Mr. Farmer] *that at least takes out one of your arguments.*
COUNSEL FOR MR. FARMER: Your honor, it doesn't take out the argument that my client hasn't had notice and an opportunity to be heard on the propriety of the sale in general. I would note that this order was submitted on the 19th of November served on Mr. Farmer by mail the 18th and the Court signed the order on November 20th.... [Emphasis supplied.]

that the judge found Mr. Farmer was on notice that only all cash deals would be eligible for consideration under Rule 308(c)(4).

This court has not previously addressed the procedural requirements of Rule 308 at issue here. Nevertheless, the judge's role in judicial sales is well settled. More than half a century ago the law in this jurisdiction placed the court in "the character of a vendor." *Heller v. Lamar, supra,* 64 App. D.C. at 267–68, 77 F.2d at 390–91 (citations omitted).

> The purchaser bids with full notice that the sale to him is subject to confirmation by the court and that there is a power granted and a duty imposed upon the judicial tribunal when it comes to decide whether or not the sale shall be confirmed to so exercise its judicial power as to secure for the owners of the property the largest practical terms. He is aware that his rights as a purchaser are subject to the rational exercise of this discretion.

*Id.* Applying this standard to the record before us, we are unable to determine whether the trial judge properly exercised his discretion. *See generally Johnson v. United States,* 398 A.2d 354 (D.C.1979) (trial court discretion).

■ Directing a sale of realty for terms higher than a cash offer is not in itself a violation of the partition statute or Rule 308; nor is it an abuse of discretion. *United States v. Heasley,* 283 F.2d 422, 426–27 (8th Cir.1960). But this court will not speculate on the reasons that the competing offer would not be in the best interests of the parties. The trial judge did not inquire into the adequacy of the brother's offer, nor explain why the competing offer would disadvantage either party, and made no finding as to whether Mr. Farmer had an adequate opportunity to protect his interests when the Order Nisi was signed on November 20. The record does not disclose that during the December 30 hearing the judge considered "any circumstances showing that the [competing] sale as proposed would be injurious to the parties concerned, or that a better sale might reasonably and probably have been made...."

*Heller v. Lamar, supra,* 64 App.D.C. at 267, 77 F.2d at 390. Nor does it disclose that during the December hearings the judge focused on "secur[ing] for the owners of the property the largest practicable returns." *Id.* at 268, 77 F.2d at 391. Because judicial confirmation of private sales is required in order to ensure fairness to the parties, *Acadia Land Co. v. Horuff,* 110 F.2d 354 (5th Cir.1940), Mr. Farmer is entitled to full procedural protections, especially in view of his possessory interest in the house.

■ We find three procedural defects in the conduct of the sale. First, it does not appear that Mr. Farmer received adequate notice that the original Order Nisi was to be issued *ex parte* on November 20. Rule 308(c)(1) provides that, "A private sale may be ordered after a hearing of which notice to all interested parties is given by publication or otherwise as the Court may direct, if the Court finds the best interests of the estate will be conserved thereby." Mr. Farmer did not receive notice until two days before the Order Nisi was signed. With such short notice and without an adequate opportunity to be heard, he had no alternative except to arrange a competing offer in a very short time period. If notice had been adequate, he not only could have been apprised that a competing offer had to be all cash, he could also have presented alternative proposals that would have been in the best interests of both of the parties.

■ Second, it is questionable whether Mr. Farmer was adequately informed that only all cash offers would be entertained at the confirmation hearing. Rule 308(c)(4) provides that:

> At least 10 days before confirmation of a private sale the terms thereof shall be published in such newspaper or newspapers of general circulation in the District of Columbia as the Court may direct, and the sale shall not then be confirmed *if a bona fide offer has been made, under such conditions as the Court may prescribe,* which guarantees at least a 10 per cent net increase over the price specified in such published offer.

The advertisement stated that the offer was for the "sum of Fifty-Six Thousand Dollars, terms all cash subject to a 6% commission." Taking the commission of the real estate agent into account, the brothers' competing offer on its face satisfies the price requirement of Rule 308(c)(4). The Rule does not state that an offer has to be in identical terms, only that it has to be bona fide according to the court's prescription. Absent specific notice to the contrary, a reasonable person reading the advertisement could justifiably assume that a structured offer would be considered by the court. Potential offerors are at least entitled to be informed of the requirements for a counter-offer. Such a requirement is all the more reasonable in the instant case because the cash portion of the competing offer might well have been apportioned between the Farmers to best satisfy their respective needs.

 Finally, although he does not allege that he was misled, Mr. Farmer is at least entitled to the same opportunity as Ms. Farmer to arrange a contract for cash only. The advertisement described an all cash sale, but the contract of sale attached to the trustee's petition for approval referred to a cash payment of $11,000 and the buyer's assumption of an existing first deed of trust and placement of a second deed of trust, contingent upon obtaining "suitable financing." It is apparent from the transcript that the third party contract for $56,000 presented by the trustee at the December 18 hearing still contained financing terms and that it was still being reformed during the December 30 hearing. Furthermore, by timely written objection on December 18, Mr. Farmer had complained that the proposed sale was not an all cash sale and had asserted that he would be prejudiced, as a result of forfeiting his eligibility for a future veteran's loan, by the proposed forced assumption of the original note. Under these circumstances, Mr. Farmer was at least due an equal opportunity to submit a reformed competing offer.

### B.

 Mr. Farmer's other contentions merit only brief comment. His challenge to the trustee as an interested party came more than four years after the original appointment[10] in the context of a sale by judicial order; he is barred by laches from raising the issue at this late date. *See Watwood v. Yambrusic,* 389 A.2d 1362, 1363 (D.C.1978); *Juliano v. Juliano,* 36 Md.App. 1, 372 A.2d 1084 (1977). His claimed prejudice by the four-year delay could have been avoided by making his own offer to buy the house or by filing for partition or for contribution to mortgage payments. His objection to the trial judge's exclusion of his testimony on hardship, and his objection to the adequacy of notice of the December 18 confirmation hearing, are misdirected. As discussed, hardship issues were relevant only to the issues before the court when it issued the Order Nisi on November 20. *Compare Heller v. Lamar, supra* (better offer for both parties submitted at confirmation hearing). And his notice of the confirmation hearing itself was clearly adequate. *Compare Evans v. Evans, supra.*

 His further contentions also are to no avail. His contention that the trial court erred in approving a private sale, rather that a public sale, without prior notice and hearing required by Rule 308(c), is meritless. The trustee's petition for approval of the Order Nisi referred specifically to Rule 308(c) and Mr. Farmer received all the notice required for confirmation of a private sale. The Order Nisi itself states that a hearing would be held on December 18, and Mr. Farmer, through counsel, filed written objections and appeared with counsel at the hearing and presented evidence. His final contention, which is apparently correct, that the judge erred in accepting the appraisals of three appraisers who had been appointed by the trustee, when Rule 308(c)(2) requires that the court appoint the appraisers, was not raised in the trial court, and cannot be raised for the first time on

---

10. Mr. Farmer states in his brief that, "Certainly the appointment of Mr. Jones was made over Mr. Farmer's objection," but this statement finds no support in the record.

appeal. *Chase v. Gilbert,* 499 A.2d 1203, 1209 & n. 7 (D.C.1985); *Morski v. Murphy,* 85 A.2d 806, 807–08 (D.C.1952). Mr. Farmer was represented by counsel for several years, including the period when the trustee filed the petition for the Order Nisi.

Accordingly, the judgment is reversed and the case remanded for proceedings consistent with this opinion.