**Tanya L. BAKER, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 99–CV–1504.**

District of Columbia Court of Appeals.

Submitted Nov. 14, 2000.
Filed Nov. 29, 2001.
Decided Jan. 5, 2001.*

A. Palmer Ifill, Washington, was on the brief, for appellant.

Robert R. Rigsby, Corporation Counsel, Charles L. Reischel, Deputy Corporation

---

* The disposition of this case was originally issued as a Memorandum Opinion and Judg-
ment on January 5, 2001 and is now being published at the request of appellee.

Counsel, Lutz Alexander Prager, Assistant Deputy Corporation Counsel, and Mary T. Connelly, Assistant Corporation Counsel, were on the brief, for appellee.

Before WAGNER, Chief Judge, SCHWELB, Associate Judge, and NEWMAN, Senior Judge.

WAGNER, Chief Judge.

Appellant, Tanya L. Baker, filed a complaint in Superior Court against appellee, District of Columbia, for mental distress, slander and defamation of character. Baker, an employee with the District's Department of Corrections (DOC), alleged in the complaint that Ronald McClain, then Chief of DOC's Office of Policies and Procedures, wrote a memorandum to the Director of the agency stating that Baker had engaged in an extramarital affair with John Thomas, then Executive Director of the Department, and subsequently a promotion request was sent forward for her. Baker asserted that reasonable inquiry by the District's employees would have shown that the information was not true. The District moved to dismiss the complaint on the grounds that this court lacked jurisdiction because the complaint concerned a personnel matter governed by the Comprehensive Merit Personnel Act (CMPA), and Baker had failed to exhaust her administrative remedies under the CMPA before filing suit. The confidential memo from McClain to the Director, a copy of which Baker attached as an exhibit to her opposition to the motion to dismiss, stated that McClain was submitting an emergency complaint "[i]n accordance with Department Order 3310.4C, 'Sexual Harassment of Employees.' " McClain advised the Director of allegations that the DOC's Executive Deputy Director, John H. Thomas, was engaging in sexual misconduct with two subordinates, one of whom was Baker,

who had admitted the affair. The memorandum further states in pertinent part:

Section VII(c) of Department Order 3310.4C, requires that each employee refrain from creating an 'offensive work environment.' I contend that this type of relationship is unprofessional and immoral. Mr. Thomas's extramarital affair is common knowledge among agency employees and is offensive in the work environment. Mr. Thomas's behavior not only compromises the integrity of the Executive Deputy Director, but it also compromises the integrity of your administration and the agency. This is exactly the kind of behavior that has brought the agency so much adverse publicity and scrutiny.

You have been severe in your treatment and punishment of those accused of and found guilty of sexual misconduct, I hope the same standards apply equally to each individual in the agency.

The trial court granted the District's motion to dismiss. Baker argues that the trial court erred in granting the motion because the defamatory memorandum did not arise out of a grievance proceeding, adverse action, or personnel evaluation directly involving her, and therefore the CMPA does not apply. We affirm.

"With few exceptions, the CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind." *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C.2000) (citing *Stockard v. Moss*, 706 A.2d 561, 564 (D.C.1997)). The CMPA defines "grievance," in relevant part, as "any matter under the control of the District government which impairs or adversely affects the interest, concern, or welfare of employees.... This definition applies to matters which are subject to procedures established pursuant to section § 1–617.[5]3...." D.C.Code § 1–603.1(10) (1999), recodified as D.C.Code

§ 1–603.01(10) (2001).[1] Thus, "[t]he Superior Court is not an 'alternative forum' . . ., but rather serves as a 'last resort' for reviewing decisions generated by CMPA procedures." *Robinson*, 748 A.2d at 411 (internal and external citations omitted). This court has held that the common law tort of defamation falls under the CMPA and its grievance procedures. *See, e.g., id.* at 413; *Stockard*, 706 A.2d at 561 (defamation complaint by basketball coach concerning the University of the District of Columbia's disclosure to basketball players that she had been fired for misappropriation of funds); *District of Columbia v. Thompson*, 593 A.2d 621 (D.C.1991) (defamation complaint by library technician regarding allegations in twenty-two supervisory memoranda of poor job performance).

■ Like the appellant in *Robinson, supra*, Baker filed a complaint for defamation and intentional infliction of emotional distress in the Superior Court based on an allegedly false accusation of sexual harassment. In *Robinson*, appellant sought to invoke an exemption from the CMPA for sexual harassment claims identified in *King v. Kidd*, 640 A.2d 656 (D.C.1993).[2] *Robinson*, 748 A.2d at 411–12. This court rejected Robinson's attempt to couch the defamation claim within the sexual harassment exemption, noting that, "[t]he mere presence of some aspects of sexual harassment or discrimination in the factual background of a particular tort claim is simply not enough to trigger the [*King v.*] *Kidd* exception." *Id.* at 413. *Robinson* highlights that, typically, the CMPA is the exclusive remedy for defamation suits by a District of Columbia public employee with a work-related complaint. *Id.* at 411–13. We are not persuaded that the broad definition of grievance in the statute can be read to require that Baker herself be involved in a formal grievance proceeding in order for her defamation complaint to fall under the CMPA. Rather, it is reasonable to conclude that an employer's report of such alleged misconduct would be covered even if it precedes the formal filing of a grievance. Moreover, Section X. (3.) of the DOC's Department Order provides that "[e]mployees found guilty of intentionally filing false charges of sexual harassment shall be disciplined in accordance with Chapter 16 of the [District Personnel Manual]." This language suggests that Baker could have filed a grievance against McClain if she was confident that the sexual misconduct claim asserted in his memorandum was false.

For the foregoing reasons, the decision of the trial court hereby is

*Affirmed.*

---

1. Section 1–617.53(a) (1999), recodified as D.C.Code § 1–616.53(a) (2001), states that:

   The Mayor, the District of Columbia Board of Education, and the Board of Trustees of the University of the District of Columbia shall issue rules and regulations providing procedures for the prompt handling of grievances of employees and applicants for employment. The grievance system shall be made known to all employees and shall provide for an alternative dispute resolution mechanism. The grievance system shall provide for the expeditious adjustment of grievances and complaints.

2. In *King*, we held that claims of intentional infliction of emotional distress, which have sexual harassment as their foundation, do not fall within the scope of the CMPA. *See King v. Kidd*, 640 A.2d 656, 664 (D.C.1993). An explanation for the holding was that the "claim for intentional infliction of emotional distress had an inherent 'nexus' to [appellant's] sexual harassment claim, 'a subject matter within the responsibility of a division of the Superior Court,' . . . it was therefore proper for the court to 'rely upon its general powers in accepting jurisdiction over the claim.'" *Id.* at 664 (quoting *Farmer v. Farmer*, 526 A.2d 1365, 1369 (D.C.1987)).