**Ruth WILSON, Appellant,**

v.

**DISTRICT OF COLUMBIA, Shirley Hammond and Ruth Bannister, Appellees.**

No. 87–CV–681.

District of Columbia Court of Appeals.

Argued May 4, 1989.

Decided July 2, 1992.

Philip Clarke Baten, Washington, D.C., for appellant.

Susan S. McDonald, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellees.

Before ROGERS, Chief Judge, TERRY, Associate Judge, and NEWMAN,* Senior Judge.

PER CURIAM:

Appellant Ruth Wilson contends that the trial court erred in granting appellees' motion to dismiss her complaint. We affirm.

This case involves appellant's complaint for damages and injunctive relief from the District government and its employees for harassment and alleged breaches of the collective bargaining contract between the Board of Education and the Washington Teacher's Union involving appellant's performance evaluations, classroom assignments, and the ordering of school supplies. While this appeal was pending, the court decided *District of Columbia v. Thompson,* 570 A.2d 277 (D.C.1991). We invited further briefing by the parties on the impact of *Thompson* on this case. Having reviewed those pleadings, we conclude that there is no reason not to apply our decision in *Thompson* to this case even though it involves an action based on contract rather than tort.

Accordingly, concluding that appellant's other contentions are unpersuasive, we affirm.[1]

ROGERS, Chief Judge, concurring:

I write separately to indicate that while I agree that *District of Columbia v. Thompson,* 593 A.2d 621 (D.C.1991) (on petition for rehearing), is dispositive of the instant appeal, to the extent that *Thompson* relies on *Newman v. District of Columbia,* 518 A.2d 698, 706 (D.C.1986) (Rogers, J., dissenting in part), *see Thompson, supra,* 593 A.2d at 630–31; *District of Columbia v. Thompson,* 570 A.2d 277, 286–87 (D.C. 1991), I remain of the view that *Newman* is wrongly decided. The awkwardness of the legislative analysis of the Comprehensive Merit Personnel Act in *Thompson, supra,* 593 A.2d at 630–31 (parts of one comprehensive statute treated as two separate statutes), derives partly from *Newman.*

---

* Judge Newman was an Associate Judge at the time of argument. His status changed to Senior Judge on March 11, 1991.

1. Appellant has not provided an adequate record to permit review of all of her contentions, although it is her burden to do so. *Cobb v. Standard Drug Co., Inc.,* 453 A.2d 110, 111 (D.C.1982). Also, contrary to appellant's contention, the exhaustion issue was raised and argued in the trial court.