Ryan B. COOPER, Appellant,

v.

AFSCME, LOCAL 1033, Appellee.

No. 93–CV–1648.

District of Columbia Court of Appeals.

Argued Jan. 27, 1995.

Decided April 6, 1995.

A. Patricia Frohman, Washington, DC, for appellant.

Robert E. Paul, with whom Daniel G. Orfield, Washington, DC, was on brief, for appellee.

Before FERREN and KING, Associate Judges, and MACK, Senior Judge.

KING, Associate Judge:

Appellant Ryan B. Cooper ("Cooper" or "employee") seeks reversal of the trial court's dismissal, on jurisdictional grounds, of his single count complaint, captioned Breach

of Duty of Fair Representation, against appellee American Federation of State, County and Municipal Employees, Local 1033 ("AFSCME" or "union"), and reversal of the trial court's grant of Super.Ct.Civ.R. 11 ("Rule 11") sanctions in favor of AFSCME. Cooper contends the trial court erred in dismissing the complaint because the court had jurisdiction to hear his claim, and the complaint was neither completely frivolous nor without merit, and thus, did not warrant Rule 11 sanctions. AFSCME requests an award of sanctions against Cooper for filing a frivolous appeal pursuant to D.C.App. R. 38 ("Rule 38").

We hold that the trial court did not have jurisdiction to hear the claim asserted and, accordingly, we affirm the dismissal of Cooper's complaint. However, we reverse the award of sanctions imposed pursuant to Rule 11. We also deny appellee's request for sanctions pursuant to Rule 38.

## I.

In July 1990, Cooper sought assistance from a representative of his union, AFSCME, in filing an administrative appeal to contest his termination from his position as a phlebotomist at D.C. General Hospital as of July 4, 1990. According to his complaint, Cooper gave his union representative "a handwritten appeal from his discharge and was given to understand that the union would take care of his appeal." Cooper alleges that between July and September 1990 he had several meetings with an attorney referred to him by the union, during which time he "assume[d] that the union was pursuing his appeal to the Director of the Hospital." In October of 1990, however, Cooper claims that the attorney informed him that his records had been returned to the union, and in November of 1990, a union representative told him "the union could do nothing further for him." Cooper maintains that he was given no other explanation from the union regarding "the status of his appeal ... nor was he furnished with any documentation or records regarding the appeal, when or

where it was filed, or its outcome." Finally, the complaint, filed on September 3, 1993, alleges that the union's failure to take any subsequent action regarding his appeal constitutes both a breach of "its duty of fair representation to plaintiff in violation of its collective bargaining agreement" and a breach of "contract with plaintiff whereby, through its agents, it specifically undertook to represent plaintiff and handle his appeal...."

In an Order dated November 26, 1993, Judge Burgess granted AFSCME's motion to dismiss Cooper's complaint and granted AFSCME's request for sanctions pursuant to Rule 11. The trial court ruled that under well-established District caselaw, the Public Employee Relations Board ("PERB" or "Board") has exclusive, original jurisdiction over claims that a union has breached its duty of fair representation. The trial court also held that Cooper could not defeat PERB's jurisdiction over the claim by alleging that the same union conduct constituted a breach of contract under the common law. The trial judge further held that "a reasonable pre-filing inquiry would have disclosed that the complaint was not warranted by existing law," and therefore AFSCME was entitled to sanctions against Cooper's counsel pursuant to Rule 11. This appeal followed.

## II.

 Cooper maintained in the trial court and in his brief in this court, that the trial court had jurisdiction to hear his claim regarding AFSCME's alleged breach of the duty of fair representation because Cooper sought representation from the union pursuant to the Comprehensive Merit Personnel Act's ("CMPA"; D.C.Code §§ 1–601.1 *et seq.*) provisions regarding administrative appeals, rather than pursuant to the CMPA's provisions regarding grievances under a collective bargaining agreement.[1] That distinction provides no support for Cooper's position, however, because it is well settled that whether a union-represented employee challenges his firing via CMPA procedures or

---

1. It is not questioned that PERB has exclusive jurisdiction over disputes involving grievances under a collective bargaining agreement. *Dis-* *trict of Columbia v. Thompson,* 593 A.2d 621, 626–27 (D.C.1991).

through a CMPA-sanctioned collective bargaining agreement, PERB retains exclusive, original jurisdiction to determine "whether a particular breach (or alleged breach) of the duty of fair representation is also an unfair labor practice...." *Hawkins v. Hall,* 537 A.2d 571, 575 n. 8 (D.C.1988); *see also Teamsters Local Union 1714 v. PERB,* 579 A.2d 706, 710 (D.C.1990). Therefore, as Cooper's counsel eventually conceded at oral argument, the trial court had no jurisdiction to hear Cooper's breach of fair representation claim.

Nonetheless, Cooper maintains that "regardless of ... a[ny] duty to represent plaintiff under the collective bargaining contract and the laws administered by PERB," by expressly "assur[ing Cooper] that it would represent him and take care of his appeal ... the union had a common law contract duty ... to follow through on the ... appeal." Therefore, Cooper argues, the trial court had jurisdiction to consider any claim alleging a breach of that duty because the CMPA provides no remedy once a union undertakes a contractual obligation outside of the collective bargaining agreement.

■ The union, on the other hand, maintains that the complaint filed by Cooper includes no allegations that the union agreed to represent Cooper on any basis other than that required by the collective bargaining agreement. In response, Cooper points to some ambiguous language in the complaint which he contends sufficiently alleges facts raising the point.[2] We do not need to resolve that ambiguity, however, because, even if the complaint unmistakably alleged that the union agreed to undertake representation of Cooper outside of the collective bargaining agreement, the trial court would be without jurisdiction because: the union is bound to maintain certain standards of conduct under D.C.Code § 1–618.3 (1992); violations of an agreement to represent Cooper outside the collective bargaining agreement would be a violation of a § 1–618.3 standard of conduct; and, "the Board ha[s] jurisdiction to consider ... standards of conduct complaints." *Fraternal Order of Police v. PERB,* 516 A.2d 501, 505 (D.C.1986) (*"F.O.P."*).[3]

In *F.O.P.,* a union member brought an unfair labor practice claim before PERB, alleging the union withdrew its authorization for the member to retain independent counsel in a criminal proceeding and its agreement to pay up to $100 per hour towards that representation. *Id.* at 502–04. Because, indisputably, the union was not obligated to provide such services under the existing union contract, the union contended on appeal that its actions were an "internal union matter," and that PERB did not have jurisdiction to hear the claim. *Id.* at 504. In holding that PERB did have jurisdiction over the claim, we examined D.C.Code § 1–618.3, the Standards of Conduct for Labor Organizations ("Standards"),[4] and 27 D.C.Reg. 484

2. Paragraph fourteen of the complaint states:
 Upon receipt of the letter plaintiff immediately contacted his union representative. He gave union representative Gisela Vasson a handwritten appeal from his discharge and *was given to understand that the union would take care of his appeal.*
 (Emphasis added.) Paragraph 21 of the complaint states:
 By leading plaintiff to believe that his appeal was being taken care of and by failing to file or to properly pursue plaintiff's appeal, and by leaving plaintiff without knowledge or information necessary for him to pursue and protect his appeal rights in a timely manner, defendant has acted arbitrarily, negligently, and with bad faith and breached its duty of fair representation to plaintiff in violation of its collective bargaining agreement and its fiduciary duty to plaintiff as his exclusive bargaining agent, and *further, defendant breached the contract with plaintiff whereby, through its*

agents, it specifically undertook to represent plaintiff and handle his appeal from his discharge.
(Emphasis added.) Cooper contends the italicized language provides the necessary allegation.

3. *See also Thompson, supra* note 1, 593 A.2d at 635 ("we conclude that the Council intended CMPA to provide District employees with their exclusive remedies for claims arising out of employer conduct in handling personnel ratings, employee grievances, and adverse actions" and, therefore, under CMPA, claims arising out of disputes with a supervisor are precluded from litigation in Superior Court "in the first instance").

4. The Standards of Conduct for Labor Organizations is set forth in D.C.Code § 1–618.3 (1992), which provides in pertinent part:
 (a) Recognition shall be accorded only to a labor organization that is free from corrupt

(1980), the rules adopted by the Board concerning a union's failure to comply with the Standards, and held that:

> The statute and the rules adopted by the Board express a clear intent that alleged violations of the standards of conduct be promptly brought to the Board's attention. The statute directs that "[a]ny complaint of a violation ... *shall* be filed with the Board." D.C.Code § 1–618.3(c) (emphasis added). Similarly, the rules direct that any person aggrieved by the failure of a labor organization to comply with the statute "shall communicate" the violation to the Board for "investigation and appropriate action." 27 D.C.Reg 494 (1980).

*Id.* at 505. In the instant case, AFSCME argues that "if PERB had [exclusive] jurisdiction over a claim that a union rescinded an agreement regarding representation in a criminal proceeding [as in *F.O.P.*], it has [exclusive] jurisdiction here over allegations regarding representation in a administrative appeal." We agree.

If AFSCME promised to represent Cooper outside of its obligations under the collective bargaining agreement, the union would be bound by the Standards to provide "fair and equal treatment" to him as someone it represents. D.C.Code § 618.3(a)(1); *F.O.P., supra,* at 504. Thus, Cooper is simply wrong when he contends that AFSCME's conduct is not capable of being remedied under the CMPA. The union's actions with respect to Cooper's appeal, whether AFSCME offered Cooper assistance within its collective bargaining agreement or outside it, is a claim for a violation of the union's standards of conduct, and "complaints alleging standards of conduct violations [must] be filed with the Board," *F.O.P.,* 516 A.2d at 505.

Further, in *Thompson, supra* note 1, we held that where PERB has jurisdiction over a claim, a litigant cannot bypass PERB's jurisdiction by bringing the same action as a common law claim. Thompson had brought common law claims of defamation and intentional infliction of emotional distress in Superior Court against her supervisor. We concluded that "Thompson's tort claims of defamation and intentional infliction of emotional distress ... arose out of disputes with her supervisor ... [and] clearly fall within the scope of CMPA ... [therefore] these provisions preclude litigation of Thompson's emotional distress and defamation claims, in the first instance, in Superior Court." *Thompson,* 593 A.2d at 635. In reaching that result, we determined that "the benefits of CMPA's administrative procedures coupled with [later] judicial review are substantial," so that, overall, litigants are not disadvantaged by PERB having exclusive jurisdiction over claims arising out of the employment relationship. *Id.* at 634–35. For the same reason, Cooper cannot defeat the exclusive jurisdiction in PERB by casting his complaint against the union for breach of duty of fair representation in the form of a common law breach of contract. *See also Wilson v. District of Columbia,* 608 A.2d 161 (D.C. 1992) (extending decision in *Thompson* to breach of contract action, rather than tort). Accordingly, the trial court did not err in dismissing Cooper's complaint.

## III.

We now turn to Cooper's challenge to the Rule 11 sanctions imposed upon trial counsel for "failing to make reasonable inquiry into the law before filing the complaint." Cooper's contention that PERB did not have jurisdiction over his breach of contract claim because the union was acting outside the collective bargaining agreement was not presented with any clarity or precision in his pleadings in the trial court.[5] Moreover, al-

---

influences and influences opposed to basic democratic principles. A labor organization must certify to the Board that its operations mandate the following:
(1) The maintenance of democratic provisions for periodic elections to be conducted subject to recognized safeguards and provisions defining and securing the right of individual members to participate in the affairs of the organization, to fair and equal treatment under the governing rules of the organization, and to fair process in disciplinary proceedings....

5. *See supra* note 2 where paragraphs 14 and 21 of Cooper's complaint are set forth. In his Opposition to Defendant's Motion to Dismiss and for Sanctions ("Opposition") Cooper twice mentioned paragraph 21 of the complaint, quoting the italicized language in note 2. In his only

though there was cursory mention of the point, this interpretation of the allegations in the complaint was not coherently presented in Cooper's brief to this court; indeed, it was not articulated by counsel in an understandable fashion until oral argument. We therefore share the sentiment expressed by Judge Burgess when he observed that "[t]he Court does not understand the logic of [appellant's] argument...."

Although we do not fault the trial judge for imposing Rule 11 sanctions based on the record and the presentation made to him, in light of the interpretation of the complaint Cooper ultimately made to this court, and the complexity of this area of the law,[6] we conclude that this complaint meets the minimum pleading standards we have established to avoid an award of sanctions pursuant to Rule 11. *See Williams v. Mount Jezreel Baptist Church*, 589 A.2d 901, 911 (D.C.1991) (Rule 11 "requires the court to balance the potential 'chill' on innovative theories of law against the need to discourage frivolous or dilatory litigation....") (citations omitted). While we would ordinarily remand to permit the trial court to reconsider the sanctions award in light of what we have decided, *see, e.g., Schwartz v. Connors, Fiscina*, 623 A.2d 595, 600 (D.C.1993), we conclude that, taking into account the common law breach interpretation of the complaint that was eventually presented to this court, the trial court could not award Rule 11 sanctions without abusing discretion. Accordingly, we reverse the award of sanctions pursuant to Rule 11. *See Williams*, 589 A.2d at 910 (trial court's

decision to impose Rule 11 sanctions is reviewed for abuse of discretion); *Schwartz*, 623 A.2d at 600 (no remand necessary where it would be futile). For the forgoing reasons, we also deny AFSCME's request for sanctions pursuant to Rule 38.

*Affirmed, in part;*

*Reversed and Remanded, in part.*

---

other discussion of the issue, in the Opposition, Cooper contended:

> This constitutes an allegation of common law breach of contract such as could have been brought against anyone acting as representative for plaintiff on his administrative appeal, whether union, or an attorney, or any one else undertaking such a representation, as allowed by Rule 605 of the Office of Employee Rules and Regulations, cited above.

There was no hearing on AFSCME's motion before the trial court, and there was no other reference by Cooper in the trial court to the interpretation of the allegations in the complaint that he relies on in this court. That interpretation, which we have pieced together from the brief and oral argument, maintaining that: (1) because the union agreed to represent Cooper outside of its collective bargaining agreement,

and failed to follow through on that representation; (2) Cooper therefore had a common law breach of contract action that was not remediable under the CMPA; and as a result (3) the Superior Court, and not PERB, had jurisdiction, was thus not fleshed out in Cooper's pleadings in the trial court.

6. Our decisions in this area have not been easily reconcilable with each other. *Compare Newman v. District of Columbia*, 518 A.2d 698, 705-6 (D.C.1986) (exclusivity provision in CMPA's disability compensation scheme does not bar common law court action for intentional infliction of emotional distress), *with District of Columbia v. Thompson, supra* note 1, 593 A.2d at 635 (CMPA's comprehensive personnel evaluation provisions bar common law court actions for defamation and intentional infliction of emotional distress).