**Catherine TAGGART–WILSON, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 95–CV–50.**

District of Columbia Court of Appeals.

Submitted Feb. 22, 1996.

Decided March 29, 1996.*

---

* This case was originally decided by an unpublished Memorandum Opinion and Judgment. It is now being published upon the granting of appellee's motion for publication.

Eric S. Lipsetts, Washington, DC, was on the brief, for appellant.

Charles F.C. Ruff, Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and James C. McKay, Jr., Assistant Corporation Counsel, were on the brief, for appellee.

Before STEADMAN, KING and REID, Associate Judges.

STEADMAN, Associate Judge:

Appellant, a police officer, is challenging the failure of the District of Columbia Metropolitan Police Department to promote her to the rank of sergeant. On motion of the District, her complaint against the District was dismissed by the trial court without prejudice on December 2, 1994, on the ground that plaintiff had failed to exhaust her remedies under the Comprehensive Merit Personnel Act ("CMPA"), D.C.Code §§ 1–601.1 et seq., before she filed suit. Appellant took an appeal to this court.

The parties have informed us, without contradiction, of the following subsequent events. Shortly after the dismissal of her complaint, appellant filed with the Office of Employee Appeals ("OEA") a petition for appeal from the Chief of Police's denial of her grievance.[1] An OEA hearing examiner rendered an initial decision on September 18, 1995, affirming the denial on the ground that appellant's complaint was not "grievable" under OEA Rule § 1632(s), 34 D.C.R. 1878 (1987). On October 24, 1995, appellant filed a petition for review of this decision with the full board of the OEA. See D.C.Code § 1–606.3(c) (1992); OEA Rule § 637, 39 D.C.R. 7426 (1992). On the same day appellant filed a motion to stay proceedings before the OEA[2] pending an anticipated decision in the instant appeal "as to in which forum the Employees' cause of action should be litigated."

It appears that the basic issue is whether appellant's complaint is subject to the processes of the CMPA and to what extent, including the right of substantive review by the OEA. This is quintessentially a decision for the OEA to make in the first instance, involving, as it does, a situation where an agency is delegated broad authority to administer a statutory scheme. *See Kingsley v. District of Columbia Dep't of Consumer and Regulatory Affairs,* 657 A.2d 1141, 1144–45 (D.C.1995). As we have often stated, "[w]e must defer to an agency's interpretation of the statute which it administers ... so long as that interpretation is reasonable and consistent with the statutory language. The agency's interpretation, therefore, is controlling unless it is plainly erroneous or inconsistent with the statute." *Lenkin Co. Management v. District of Columbia Rental Housing Comm'n,* 642 A.2d 1282, 1285 (D.C. 1994) (citations and internal quotations omitted). This includes situations where there is a significant dispute over the coverage of the relevant statute, as here. *District of Columbia v. Thompson (Thompson I),* 570 A.2d 277 (D.C.1990) (CMPA case), *modified in unrelated part by* 593 A.2d 621, 635 (D.C.), *cert. denied* 502 U.S. 942, 112 S.Ct. 380, 116 L.Ed.2d 331 (1991) (employee must initially submit claim to agency where there is "sub-

---

1. The grievance issue involved several individuals in addition to appellant. Appellant's motion in the trial court action for class certification was denied as moot after the court dismissed the action. We therefore refer to the appellant alone.

2. The motion stated that the District "does not consent to this motion, but does not oppose it."

stantial question" whether claim falls within CMPA); *see also Estate of Underwood v. National Credit Union Admin.,* 665 A.2d 621, 631 (D.C.1995) (Workers' Compensation Act case); *Montgomery v. District of Columbia,* 598 A.2d 162, 167 (D.C.1991) (OEA decides whether it has jurisdiction when jurisdiction "not self-evident.")

Thus, in the present case, the pending proceedings before the OEA should run their full course. Thereafter, depending upon the outcome, appellant may seek further appropriate review and relief in the trial court and any related reinstitution of the court action. *See* D.C.Code § 1–606.3(d) (1992 Repl.); D.C.Code § 11–921 (1995 Repl.); OEA Rule § 637.10, 39 D.C.R. 7427 (1992). *Cf. Montgomery, supra; District of Columbia v. Montgomery,* 453 A.2d 808 (D.C.1982). The judgment on appeal is accordingly

*Affirmed.*

▮▮▮▮▮▮▮▮▮▮

**In re T.J., M.D. & C.J., Appellants.**