Jonathan ARMSTEAD,
et al., Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 01–CV–1293.

District of Columbia Court of Appeals.

Submitted Oct. 24, 2002.
Decided Nov. 14, 2002.

---

Idus J. Daniel, Jr., was on the brief for appellants.

Robert R. Rigsby, Corporation Counsel at the time the brief was filed, with whom Charles L. Reischel, Deputy Corporation Counsel and Michael F. Wasserman, Assistant Corporation Counsel, were on the brief, for appellee.

Before RUIZ, REID, and GLICKMAN, Associate Judges.

REID, Associate Judge:

On April 1, 1999, Mr. Armstead, et al. ("appellants"), sued the District of Columbia alleging fraud, negligent misrepresentation, and breach of contract stemming from an employment dispute. On May 25, 2001, the trial judge dismissed the complaint on the ground that plaintiffs failed "to respond to defendants' outstanding discovery requests." On appeal appellants challenge this dismissal on several grounds. Because there is a threshold issue as to whether appellants' claims fall under the Comprehensive Merit Personnel Act ("CMPA"), we remand this matter to the trial court with instructions to vacate its order of dismissal, and to remand this matter to the Office of Employee Appeals ("OEA") for an initial determination of whether appellants' claims are governed by the CMPA.

## FACTUAL SUMMARY

After plaintiffs (appellants) filed their complaint, the District filed motions to dismiss in 1999 and 2000.[1] In its brief, the District claims that one of its grounds for dismissal was that appellants "were required to submit [their complaints] for administrative consideration pursuant to [the CMPA]." During the course of the litigation, the government served appellants with several discovery requests including a list of witnesses at a pre-trial conference in which a deadline was set for completion of discovery. Appellants did not serve any discovery requests of their own, and did

---

1. Those motions are not part of the record on appeal.

not respond to those made by the government. Subsequently, the parties agreed to exchange discovery at a later date, but appellants failed to comply. The government then filed a motion *in limine* seeking to exclude appellant's evidence and witnesses due to their lack of compliance. In response, the trial court dismissed the complaint in May 2001, "due to plaintiffs' failure to respond to any of defendants' outstanding discovery requests, despite additional time provided to [them] by agreement of counsel." In a subsequent August 2001 order, responding to plaintiffs' request for clarification and reconsideration, the court declared that appellants' failure to comply with discovery was "inexcusable" and that the dismissal of the complaint without prejudice "is not reasonable or appropriate."

## ANALYSIS

As a threshold matter, the government contends that appellants failed to exhaust their administrative remedies under the CMPA and therefore the trial court lacked jurisdiction over their claims.

"If a trial court decides a case without jurisdiction to do so, [our] review is limited to correcting the jurisdictional error." *Capitol Hill Hosp. v. District of Columbia State Health Planning and Dev. Agency,* 600 A.2d 793, 800 (D.C.1991) (citations omitted). Furthermore, we have stated that " '[w]ith few exceptions, the CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind.' " *Baker v. District of Columbia,* 785 A.2d 696, 697 (D.C.2001) (citations omitted). As such " 'the Superior Court is not an alternative forum ..., but rather serves as a last resort for reviewing decisions generated by CMPA procedures.' " *Id.* at 698 (internal quotations omitted).

■ Here, none of the claims raised by appellants is explicitly excepted from coverage under the CMPA. *See* 6 DCMR § 1631.1, 47 D.C. Reg. at 7109–12. Additionally, although we have not held that the CMPA generally preempts common law tort claims we have held in several instances that it precluded many of them. *See Hawkins v. Hall,* 537 A.2d 571 (D.C. 1988) (affirming dismissal of employee's conversion claim for failure to exhaust administrative remedies under the CMPA); *District of Columbia v. Thompson,* 593 A.2d 621 (D.C.1991) (finding employee's claims for defamation and intentional infliction of emotional distress were precluded because the CMPA provided an administrative and judicial system to review such claims); *Baker v. District of Columbia,* 785 A.2d 696 (D.C.2001) (holding CMPA provided exclusive remedy for litigation of employee's mental distress and defamation claims); *Stockard v. Moss,* 706 A.2d 561 (D.C.1997) (holding plaintiff's slander claim is subject to procedures set forth in CMPA).

■ OEA has not had the opportunity to determine whether the claims raised in appellants' complaint, particularly negligent misrepresentation and fraud, fall under the CMPA. "We have held that if a 'substantial question' exists as to whether the CMPA applies, the Act's procedures must be followed, and the claim must initially be submitted to the appropriate District agency." *Grillo v. District of Columbia,* 731 A.2d 384, 386 (D.C.1999) (citation omitted). Furthermore, "[t]he determination whether the OEA has jurisdiction is 'quintessentially a decision for the OEA to make in the first instance.' " *Id.* (quoting *Taggart–Wilson v. District of Columbia,* 675 A.2d 28, 29 (D.C.1996)).

In light of our past decisions relating to the CMPA and the OEA's jurisdiction, the determination as to whether appellants'

claims fall under the CMPA should be made, in the first instance, by OEA. Consistent with the procedure we followed in *Grillo, supra,* we remand this matter to the trial court with instructions to vacate its order of dismissal, and to remand the matter to the OEA for a determination of whether appellants' claims are governed by the CMPA. As we said in *Grillo, supra,* "[i]f the OEA concludes that it has jurisdiction, it shall proceed to the merits." *Id.* at 387.

*So ordered.*