*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 12-CV-195

JOHNNIE P. BATTLE, ET AL., APPELLANTS,

V.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAB-9695-10)

(Hon. Michael Rankin, Trial Judge)

(Argued June 4, 2013                           Decided December 12, 2013)

*Donald M. Temple* for appellants.

*Richard S. Love*, Senior Assistant Attorney General, with whom *Irvin B. Nathan*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, and *Donna M. Murasky*, Deputy Solicitor General, were on the brief, for appellee.

Before GLICKMAN and MCLEESE, *Associate Judges*, and REID, *Senior Judge*.

Opinion for the court by *Associate Judge* MCLEESE.

Dissenting opinion by *Senior Judge* REID at page 12.

MCLEESE, *Associate Judge*:   Plaintiffs are former public-school teachers

who filed a lawsuit against the District of Columbia, claiming entitlement to

retroactive pay raises and other relief.  The trial court dismissed their complaint for lack of subject-matter jurisdiction, and plaintiffs appealed.  We affirm.

**I.**

Plaintiffs retired from the District of Columbia Public Schools ("DCPS") between October 1, 2007, and June 2, 2010.  On June 2, 2010, the Washington Teachers Union and DCPS entered into a new collective-bargaining agreement.  The new agreement provided retroactive pay raises reaching back to October 1, 2007, to "all [Washington Teachers Union] bargaining unit members who were separated or retired as a result of the November 2009 Reduction-in-Force."  Plaintiffs were not affected by the November 2009 reduction-in-force.

Plaintiffs assert that DCPS violated the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), D.C. Code § 1-601.01 et seq. (2012 Repl.), by giving retroactive pay raises to some, but not all, former teachers for work performed between October 1, 2007, and June 2, 2010.  Count I of the complaint alleges that the pay raises violated provisions of the CMPA that plaintiffs interpret as requiring that District employees receive "equal pay for equal work."  D.C.

Code §§ 1-611.03 (a)(1), 1-611.11 (d), 1-617.17 (a) (2012 Repl.).[1] Count II alleges that the pay raises violated a provision of the CMPA providing that labor unions "shall be responsible for representing the interests of all [employees in the unit they represent] without discrimination and without regard to membership in the labor organization." D.C. Code § 1-617.11 (a) (2012 Repl.).

## II.

The trial court determined that plaintiffs' complaint alleges unfair labor practices and that the District of Columbia Public Employee Relations Board ("PERB") therefore has exclusive primary jurisdiction over the case. In this appeal, the plaintiffs have not disputed the trial court's characterization of their claims as alleging unfair labor practices. We therefore assume, but do not decide, that the alleged statutory violations would constitute unfair labor practices under

---

[1] Section 1-611.03 (a)(1) states that "[c]ompensation shall be competitive with that provided to other public sector employees having comparable duties, responsibilities, qualifications, and working conditions by occupational groups." Section 1-611.11 (d) states that § 1-611.03 (a)(1) applies to employees in the Educational Service. Section 1-617.17 (a) states that § 1-611.03 applies to collectively bargained salaries.

the CMPA.[2]

Plaintiffs have asserted only one theory as to why the Superior Court has jurisdiction over their claims: that the CMPA does not give the PERB jurisdiction over this action because the plaintiffs are retired employees and "the cause of action arose after their retirement." We disagree with that theory for several reasons.

---

[2] It is not clear that Count I actually does allege an unfair labor practice, because Count I does not allege that DCPS committed any of the unfair labor practices listed in the CMPA. *See* D.C. Code § 1-617.04 (Repl. 2012) (listing unfair labor practices prohibited by CMPA); *Frazer v. Board of Trs. for Univ. of District of Columbia*, No. 11-U-46, 2011 WL 7807219, at *2 (PERB Nov. 30, 2011) (§ 1-617.04 provides "an exhaustive list" of bases for unfair-labor-practice complaints before PERB); *cf. Fraternal Order of Police v. District of Columbia Metro. Police Dep't*, No. 91-U-18, 1992 WL 12601382, at *2 n.1 (PERB Jan. 10, 1992) (PERB lacks jurisdiction over claimed violation of disciplinary grievance procedures because claimed violation "does not give rise to an unfair labor practice"). The plaintiffs, however, have not asserted on appeal a jurisdictional argument based on the possibility that Count I does not allege an unfair labor practice. We will not attempt to generate such a theory sua sponte. *See, e.g.*, *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 718 (7th Cir. 2012) ("The court need not bend over backwards to construct alternative theories to persuade itself that subject matter jurisdiction exists . . . ."); *Eisler v. Stritzler*, 535 F.2d 148, 152 (1st Cir. 1976) ("we normally would be disinclined to note, *sua sponte* on appeal, alternative grounds for the district court's jurisdiction"); *Franson ex rel. v. Micelli*, 666 N.E.2d 1188, 1190 (Ill. 1996) ("If some alternative basis existed for invoking the appellate court's jurisdiction, Micelli was obliged to demonstrate it. He has not done so."); *see generally, e.g.*, *Speights v. 800 Water St., Inc.*, 4 A.3d 471, 476 (D.C. 2010) ("points not raised on appeal are deemed waived").

First, this court has already held that the CMPA gives the PERB authority over unfair-labor-practice claims. *See Hawkins v. Hall*, 537 A.2d 571, 574-75 (D.C. 1988). Plaintiffs concede, moreover, that the PERB's authority covers some claims of former employees. *See, e.g.*, *Cooper v. AFSCME, Local 1033*, 656 A.2d 1141, 1142-43 (D.C. 1995) (PERB had exclusive jurisdiction over former employee's claim that union breached duty of fair representation). Although plaintiffs argue that the PERB does not have authority over former employees' claims if the alleged violation occurred after the employees' separation, our opinion in *Hawkins* suggests no such limitation. 537 A.2d at 574-75 ("[The PERB] has primary jurisdiction to determine whether a particular act or omission constitutes an unfair labor practice under the CMPA.").

Second, the language of the CMPA does not support a limitation of the PERB's jurisdiction based on whether the alleged violation occurred while the claimant was a District employee. The CMPA authorizes the PERB to "[d]ecide whether unfair labor practices have been committed and issue an appropriate remedial order." D.C. Code § 1-605.02 (3) (2012 Repl.). Such unfair labor practices are defined in D.C. Code § 1-617.04 (2012 Repl.). Neither provision restricts the PERB's jurisdiction based on whether the claimant was a District employee at the time of the alleged violation. In fact, one of the unfair-labor-

practice provisions expressly applies to non-employees. *See* D.C. Code § 1-617.04 (a)(3) (prohibiting the District of Columbia from "[d]iscriminating in regard to hiring . . . to encourage or discourage membership in any labor organization"). In addition, the CMPA provision that authorizes "[a]ny person aggrieved by a final order of the [PERB]" to seek judicial review further supports a broader interpretation of the PERB's jurisdiction. D.C. Code § 1-617.13 (c) (2012 Repl.).

Third, the PERB has previously asserted jurisdiction over claims in which the alleged violation occurred when the claimant was no longer a District employee. *Teamsters Local Union 639 v. District of Columbia Pub. Schs.*, No. 11-U-10, 2011 WL 8197549 (PERB Feb. 23, 2011) (resolving claim on behalf of former public-school employees that District of Columbia had violated their rights, where alleged violation occurred after employees' separation); *Doctors Council v. District of Columbia Dep't of Youth Rehab. Servs.*, No. 07-U-19, 2009 WL 8474155 (PERB Sept. 30, 2009) (resolving claim of retired faculty member where alleged contract violation occurred after retirement); *cf. Stockard v. Moss*, 706 A.2d 561, 565 (D.C. 1997) (CMPA preempts Superior Court jurisdiction over former employee's slander claim, where allegedly slanderous statement occurred after employee's discharge).

Finally, we see no logical reason for the PERB's jurisdiction to turn on whether the alleged unfair labor practice occurred while the claimant was a public employee, as long as the alleged violation arose out of the claimant's employment relationship with the District of Columbia.[3] The CMPA was enacted to replace the District of Columbia's disjointed, decentralized personnel policies with a uniform, comprehensive system. *See District of Columbia v. Thompson*, 593 A.2d 621, 632-33 (D.C. 1991). In keeping with this theme, the CMPA contains chapters that govern, among other things, the hiring process, personnel matters, and retirement benefits. *See, e.g.*, D.C. Code §§ 1-607.01 to 1-607.08 (2012 Repl.) (addressing equal employment opportunity and employee selection); D.C. Code §§ 1-611.01 to 1-611.21 (2012 Repl.) (addressing employee classification and compensation); D.C. Code §§ 1-621.01 to 1-623.47 (2012 Repl.) (addressing employee benefits); D.C. Code §§ 1-626.01 to 1-626.14 (2012 Repl.) (addressing employee retirement). Given the CMPA's objective of uniformity, it would be incongruous to interpret the CMPA as creating two separate systems of adjudication for the claims of unfair labor practices, with some unfair-labor-practice claims being

---

[3] Plaintiffs' claims plainly arise out of their employment relationship with the District of Columbia. The gravamen of their complaint is that they were compensated inadequately for work they performed while they were employed with DCPS.

addressed in the first instance by the PERB and others being addressed in the first instance by the Superior Court. *Cf. Hawkins*, 537 A.2d at 573 (noting advantages of having PERB, as expert agency, resolve unfair-labor-practice claims in first instance).

Plaintiffs raise two main counterarguments. We do not find those arguments persuasive.

First, plaintiffs attach great importance to the CMPA's definition of "employee," asserting that the CMPA refers repeatedly to employees but does not refer to former employees. We note, however, that numerous provisions of the CMPA unambiguously apply to former employees. *See, e.g.*, D.C. Code § 1-629.03 (2012 Repl.) (establishing procedure for collecting debts owed to District of Columbia by both current and former employees); D.C. Code § 1-626.03 ("The District shall provide retirement benefits to all employees . . . ."); D.C. Code § 1-611.06 (providing retroactive pay for retired or deceased employees); D.C. Code § 1-626.14 ("a civil action may be brought by a [beneficiary of the District of Columbia retirement program] . . . to enjoin any act or practice that violates any provision of this chapter or the terms of the retirement program"). The numerous references in the CMPA to the rights of former employees provide further support

for the conclusion that the PERB has jurisdiction over unfair-labor-practice complaints brought by former employees.

Second, plaintiffs rely on the contrasting definitions of 'employee' in the CMPA and the Whistleblower Protection Amendment Act ("WPAA"). *Compare* D.C. Code § 1-603.01 (7) (2012 Repl.) (CMPA defines 'employee' as "an individual who performs a function of the District government and who receives compensation for the performance of such services"), *with* D.C. Code § 1-615.52 (a)(3) (2012 Repl.) (WPAA defines 'employee' as "any person who is a former or current District employee, or an applicant for employment by the District government . . ."). The definition of 'employee' in the WPAA sheds no significant light, however, on the proper interpretation of the scope of the PERB's jurisdiction under the CMPA, which addresses a different issue and was enacted twenty years before the enactment of the WPAA.[4] *See, e.g.*, *Mattox v. Federal Trade Comm'n*, 752 F.2d 116, 121-22 (5th Cir. 1985) (declining to adopt uniform interpretation of two provisions because, among other reasons, provisions "were enacted sixty-two years apart").

---

[4] *See* Comprehensive Merit Personnel Act, D.C. Law 2-139, § 301, 25 D.C. Reg. 5740, 5770 (1998) (approved on November 22, 1978); Whistleblower Protection Amendment Act of 1998, D.C. Law 12-160, § 1552 (a)(3), 45 D.C. Reg. 5147, 5148-49, 5168 (1998) (approved on June 23, 1998).

We therefore hold that the PERB has exclusive jurisdiction over claims of retired District of Columbia employees alleging an unfair labor practice under § 1-617.04 that arises out of the claimants' employment relationship with the District of Columbia. Accordingly, plaintiffs' jurisdictional argument lacks merit.

## III.

Plaintiffs request, in the alternative, that we remand to the Superior Court with instructions to remand in turn to the PERB. They contend that remand is appropriate under *Grillo v. District of Columbia*, because there is a "substantial question" as to whether the PERB has jurisdiction over claims of former employees arising after the end of the employment relationship. 731 A.2d 384, 386-87 (D.C. 1999) (remanding to Superior Court with instructions to remand to Office of Employee Appeals to afford agency "an opportunity to construe the statute that it is charged with administering . . . ." because case raised "substantial question" as to jurisdiction of OEA). For the reasons previously stated, however, we conclude that plaintiffs have not raised a substantial question on this topic. We also note that plaintiffs did not ask the trial court to remand to the PERB under *Grillo*. Finally, the rationale of *Grillo* is not applicable here, because the PERB

has already asserted jurisdiction over claims of former employees that arose after the employment relationship ended. *See, e.g.*, *Teamsters Local 639*, 2011 WL 8197549; *Doctors Council*, 2009 WL 8474155. Under these circumstances, remand is not warranted.[5]

The judgment of the trial court is therefore

*Affirmed*.

---

[5] As previously noted, see *supra* pp. 3-4 & n.2, appellants have not raised on appeal the question whether Count I is properly understood as an unfair-labor-practice claim. If that question had been properly raised, it might well have been appropriately decided in the first instance by the PERB. We decline, however, to raise the question sua sponte and to direct that the question be decided in the first instance by the PERB. First, as previously noted, see *supra* p.4 n.2, this court generally does not consider questions not properly raised and briefed on appeal. Second, even if this court were otherwise inclined to overlook appellants' failure to raise the question properly, appellants would face serious procedural obstacles if they sought to obtain administrative relief at this juncture. Specifically, appellants failed to exhaust their administrative remedies in the PERB before filing suit, and the time for seeking administrative relief appears to have long since passed. *See, e.g.*, *District of Columbia Metro. Police Dep't v. Fraternal Order of Police/Metro. Police Dep't Labor Comm.*, 997 A.2d 65, 80-83 (D.C. 2010) (discussing exhaustion requirement); 6-B DCMR § 520.4 (2013) (unfair-labor-practice claims must be presented to PERB with 120 days); 6-B DCMR § 538.1 (2013) (challenges to arbitral awards must be brought before PERB within 20 days); D.C. Code §§ 1-616.52 (a) (certain grievances must be presented to Office of Employee Appeals within 10 days), 1-616.53 (b) (certain grievances must be presented within 45 days). This court has in extraordinary circumstances excused compliance with exhaustion and timeliness requirements. *See, e.g.*, *District of Columbia Metro. Police Dep't*, 997 A.2d at 82 (citing cases); *Grillo*, 731 A.2d at 387 n.5. We do not, however, see such extraordinary circumstances in this case.

REID, *Senior Judge*, dissenting:  Given the nature of this case and this court's precedents, I am unable to join the majority opinion.  Appellants, retired public school teachers, have presented the District of Columbia Courts with a rather complex case, in which there is a threshold jurisdictional issue.

The District of Columbia filed a motion under Super. Ct. Civ. R. 12 (b)(1) and (6) to dismiss appellants' two-count complaint.  In response, the trial court dismissed the complaint under R. 12 (b)(1), on the ground that "Plaintiffs' claims in each count are fairly and accurately described as an unfair labor practice and thus are preempted by the CMPA [Comprehensive Merit Personnel Act]."

The majority opinion states that "the CMPA gives the PERB authority over unfair-labor-practice claims."  It would appear, then, that they assume that plaintiffs allege an unfair labor practice.  The majority conclude that plaintiffs are still "employees" under CMPA, that their claims arise out of their employment relationship with the District, and consequently, the PERB has exclusive jurisdiction over plaintiffs' claims.  Nevertheless, in footnote 2, the majority assert: "It is not clear that Count I [of plaintiffs' complaint] actually does allege an unfair labor practice, because Count I does not allege that DCPS committed any of the unfair labor practices listed in the CMPA."

The majority also state in footnote 2 that: "The plaintiffs . . . have not asserted on appeal a jurisdictional argument based on the possibility that Count I does not allege an unfair labor practice." In footnote 5, the majority insist that appellants have not raised on appeal whether Count I "is properly understood as an unfair-labor-practice claim," and that "[i]f that question had been properly raised, it might well have been appropriately decided in the first instance by PERB."

In my view the Count I/unfair labor practice claim is properly before us, not only because (1) appellants challenge on appeal the trial court's dismissal of their claims under Rule 12 (b)(1) on the ground, as the trial court put it, that: "Plaintiffs' claims in each count are fairly and accurately described as an unfair labor practice and thus are preempted by the CMPA," but also because (2) the Count I/unfair practice issue is subsumed under appellants' claim that as teachers who retired when no collective bargaining agreement was in effect they are not "employees" within the meaning of CMPA.

I cannot agree with the majority statement and resolution of the jurisdictional issue, nor with their affirmance of the trial court's dismissal of plaintiffs' complaint on the skimpy Rule 12 (b)(1) record before us. For the

reasons stated below, I believe that the Superior Court does have jurisdiction over plaintiffs' complaint. But even if the Superior Court does not have jurisdiction, as the majority hold, it is not clear to me whether the Public Employee Relations Board ("PERB"), or the Office of Employee Appeals ("OEA") would have jurisdiction over plaintiffs' complaint; but the question of whether PERB or OEA would have jurisdiction is an issue that, under our case law, should be resolved in the first instance by those agencies.

Plaintiffs' complaint, which seeks declaratory relief, and on which the Rule 12 (b)(1) dismissal is based, does not mention D.C. Code § 1-617.04 pertaining to unfair labor practices. But, the majority read into plaintiffs' complaint the unfair labor practices statute, without a sound basis for doing so at this stage of the litigation. Count I of the complaint focuses on § 1-611.11, found in Title XI of the CMPA, which covers "classification and compensation policies and procedures for educational employees." The complaint also references D.C. Code § 1-611.03 which addresses "compensation policy." Moreover, to the extent that the complaint must be interpreted within the context of Title XVII of the CMPA, governing "labor-management relations," the complaint specifically invokes D.C. Code § 1-617.17, "collective bargaining concerning compensation," and does not invoke § 1-617.04, unfair labor practices. Count I of the complaint also explicitly

challenges the District's Attorney General's June 18, 2010, interpretation of D.C. Code § 1-611.11 as "merely a classification and salary review process" having "little or nothing to do with salary increases consequent to a [collective bargaining agreement]." The gravamen of Count I of plaintiffs' complaint centers on the District's compensation policies, specifically, the alleged policy that "similarly-situated retired employees shall receive equal pay increases." As the complaint also states: "Subject to Title XI [of CMPA], Defendant [that is, the District of Columbia] has a duty to implement compensation systems negotiated under Title XVII in a manner that is consistent with the principle of equal pay for equal work, also mandated by D.C. Code § 1-611.03." Consequently, plaintiffs seek a declaratory judgment as to whether the District's policy of granting a retroactive pay increase to teachers who retired because of the RIF, but not those [involved in this lawsuit] who retired outside of a RIF context, violates the District's compensation policies.

Not only do plaintiffs challenge what appears to be an official opinion of the District's Attorney General regarding a CMPA statutory provision, but they also present an issue of first impression, in my view, that is not controlled by our prior precedents, that is, are District of Columbia teachers "employees" within the meaning of the CMPA where they (1) retired when no collective bargaining

agreement was in effect, (2) continue to pay dues to the union which has represented teachers, and (3) challenge their exclusion from retroactive pay, solely because their employment was not terminated by reduction-in-force procedures? I do not believe that any of our past cases resolve the jurisdictional and the merit issues presented by this case.

However, *Feaster v. Vance*, 832 A.2d 1277 (D.C. 2003) indicates that where plaintiffs invoke a statutory provision independent of the unfair labor practices provision, the Superior Court, "a court of general jurisdiction 'with the power to adjudicate any civil action at law or in equity involving local law,' has jurisdiction." *Id*. at 1283. Here, plaintiffs invoke D.C. Code § 1-611.03, in Title XI of the CMPA, concerning compensation policy, and arguably, under the general principle reflected in *Feaster*, the Superior Court has jurisdiction over plaintiffs' complaint.

Moreover, the cases cited by the majority for the proposition that PERB has authority over unfair labor practice claims are not applicable to the instant case where the complaint does not cite or rely on D.C. Code § 1-617.04. *Hawkins v. Hall*, 537 A.2d 571, 574-75 (D.C. 1988), involved an issue of union dues and the complaint in that case, unlike the complaint here, alleged an unfair labor practice.

*Cooper v. AFSCME*, 656 A.2d 1141 (D.C. 1995), concerned a complaint for the breach of the duty of fair representation of an employee by a union, whereas the instant case pertains to the District's implementation of a compensation policy. In addition, the majority try to fit the instant case into two non-appellate court cases where "PERB has previously asserted jurisdiction over claims in which the alleged violation occurred when the claimant was no longer a District employee." But those cases are quite different and do not control the outcome of this case. The complaints in both non-appellate court PERB cases, one involving accrued sick leave and the other, the implementation of a grievance settlement agreement regarding annual leave and retirement, specifically invoked the unfair labor practices statute. The third cited case, *Stockard v. Moss*, 706 A.2d 561 (D.C. 1997), related to a slander claim by a former employee, not a challenge to the District's implementation of a compensation policy. Simply put, then, none of the cases on which the majority opinion relies address the rather complex jurisdictional and merit issues presented by the plaintiffs in this case.

While I believe that the Superior Court has jurisdiction over plaintiffs' complaint, even if there is doubt as to whether the Superior Court or one of the specialized agencies mentioned in the CMPA, has jurisdiction (PERB if the case is viewed as challenging the District's compensation policy under Title XVII of the

CMPA, or OEA if the case is viewed as a challenge to the compensation policy under Title XI of the CMPA), the proper course would be a remand to the trial court, with instructions to hold the case in abeyance and to transmit the jurisdictional issue either to PERB or OEA for resolution of the jurisdictional issue in the first instance. *See Grillo v. District of Columbia*, 731 A.2d 384, 387 (D.C. 199) (citing *Taggart-Wilson v. District of Columbia*, 675 A.2d 28, 29 (D.C. 1996)). The decision of the majority to resolve the jurisdictional issue itself, by declaring that PERB has exclusive jurisdiction in this case, runs counter to this court's adherence to a longstanding and fundamental principle, "we cannot impose our own construction [of an agency's statute], but rather defer to the agency's interpretation." *Dupree v. District of Columbia Office of Emp. Appeals*, 36 A.3d 826, 834 (D.C. 2011) (citation omitted). We also emphasized in *Grillo*, *supra*, that "the trial judge's dismissal of the action was premature, for the suit may proceed if the OEA concludes that it lacks jurisdiction." *Id.* at 387. Therefore, as I read our cases, even if the majority remain convinced that PERB had jurisdiction, the proper course is to vacate the trial court's order and to remand the case to the trial court, with instructions to stay the proceedings and to remand the case to PERB "for a determination as to that agency's jurisdiction." *Id.* Therefore, I respectfully dissent.