REID, Senior Judge,
dissenting:
Given the nature of this case and this court’s precedents, I am unable to join the majority opinion. Appellants, retired public school teachers, have presented the District of Columbia Courts with a rather complex case, in which there is a threshold jurisdictional issue.
The District of Columbia filed a motion under Super. Ct. Civ. R. 12(b)(1) and (6) to *1041 dismiss appellants’ two-count complaint. In response, the trial court dismissed the complaint under R. 12(b)(1), on the ground that “Plaintiffs’ claims in each count are fairly and accurately described as an unfair labor practice and thus are preempted by the CMPA [Comprehensive Merit Personnel Act].”
The majority opinion states that “the CMPA gives the PERB authority over unfair-labor-practice claims.” It would appear, then, that they assume that plaintiffs allege an unfair labor practice. The majority conclude that plaintiffs are still “employees” under CMPA, that their claims arise out of their employment relationship with the District, and consequently, the PERB has exclusive jurisdiction over plaintiffs’ claims. Nevertheless, in footnote 2, the majority assert: “It is not clear that Count I [of plaintiffs’ complaint] actually does allege an unfair labor practice, because Count I does not allege that DCPS committed any of the unfair labor practices listed in the CMPA.”
The majority also state in footnote 2 that: “The plaintiffs ... have not asserted on appeal a jurisdictional argument based on the possibility that Count I does not allege an unfair labor practice.” In footnote 5, the majority insist that appellants have not raised on appeal whether Count I “is properly understood as an unfair-labor-practice claim,” and that “[i]f that question had been properly raised, it might well have been appropriately decided in the first instance by PERB.”
In my view the Count I/unfair labor practice claim is properly before us, not only because (1) appellants challenge on appeal the trial court’s dismissal of their claims under Rule 12(b)(1) on the ground, as the trial court put it, that: “Plaintiffs’ claims in each count are fairly and accurately described as an unfair labor practice and thus are preempted by the CMPA,” but also because (2) the Count I/unfair practice issue is subsumed under appellants’ claim that as teachers who retired when no collective bargaining agreement was in effect they are not “employees” within the meaning of CMPA.
I cannot agree with the majority statement and resolution of the jurisdictional issue, nor with their affirmance of the trial court’s dismissal of plaintiffs’ complaint on the skimpy Rule 12(b)(1) record before us. For the reasons stated below, I believe that the Superior Court does have jurisdiction over plaintiffs’ complaint. But even if the Superior Court does not have jurisdiction, as the majority hold, it is not clear to me whether the Public Employee Relations Board (“PERB”), or the Office of Employee Appeals (“OEA”) would have jurisdiction over plaintiffs’ complaint; but the question of whether PERB or OEA would have jurisdiction is an issue that, under our case law, should be resolved in the first instance by those agencies.
Plaintiffs’ complaint, which seeks declaratory relief, and on which the Rule 12(b)(1) dismissal is based, does not mention D.C.Code § 1-617.04 pertaining to unfair labor practices. But, the majority read into plaintiffs’ complaint the unfair labor practices statute, without a sound basis for doing so at this stage of the litigation. Count I of the complaint focuses on § 1-611.11, found in Title XI of the CMPA, which covers “classification and compensation policies and procedures for educational employees.” The complaint also references D.C.Code § 1-611.03 which addresses “compensation policy.” Moreover, to the extent that the complaint must be interpreted within the context of Title XVII of the CMPA, governing “labor-management relations,” the complaint specifically invokes D.C.Code § 1-617.17, “collective bargaining concerning compensation,” and does not invoke § 1-617.04, unfair labor practices. Count I of the *1042 complaint also explicitly challenges the District’s Attorney General’s June 18, 2010, interpretation of D.C.Code § 1-611.11 as “merely a classification and salary review process” having “little or nothing to do with salary increases consequent to a [collective bargaining agreement].” The gravamen of Count I of plaintiffs’ complaint centers on the District’s compensation policies, specifically, the alleged policy that “similarly-situated retired employees shall receive equal pay increases.” As the complaint also states: “Subject to Title XI [of CMPA], Defendant [that is, the District of Columbia] has a duty to implement compensation systems negotiated under Title XVII in a manner that is consistent with the principle of equal pay for equal work, also mandated by D.C.Code § 1-611.03.” Consequently, plaintiffs seek a declaratory judgment as to whether the District’s policy of granting a retroactive pay increase to teachers who retired because of the RIF, but not those [involved in this lawsuit] who retired outside of a RIF context, violates the District’s compensation policies.
Not only do plaintiffs challenge what appears to be an official opinion of the District’s Attorney General regarding a CMPA statutory provision, but they also present an issue of first impression, in my view, that is not controlled by our prior precedents, that is, are District of Columbia teachers “employees” within the meaning of the CMPA where they (1) retired when no collective bargaining agreement was in effect, (2) continue to pay dues to the union which has represented teachers, and (3) challenge their exclusion from retroactive pay, solely because their employment was not terminated by reduction-in-force procedures? I do not believe that any of our past cases resolve the jurisdictional and the merit issues presented by this case.
However, Feaster v. Vance, 832 A.2d 1277 (D.C.2003) indicates that where plaintiffs invoke a statutory provision independent of the unfair labor practices provision, the Superior Court, “a court of general jurisdiction “with the power to adjudicate any civil action at law or in equity involving local law,’ has jurisdiction.” Id. at 1283. Here, plaintiffs invoke D.C.Code § 1-611.03, in Title XI of the CMPA, concerning compensation policy, and arguably, under the general principle reflected in Feaster, the Superior Court has jurisdiction over plaintiffs’ complaint.
Moreover, the cases cited by the majority for the proposition that PERB has authority over unfair labor practice claims are not applicable to the instant case where the complaint does not cite or rely on D.C.Code § 1-617.04. Hawkins v. Hall, 537 A.2d 571, 574-75 (D.C.1988), involved an issue of union dues and the complaint in that case, unlike the complaint here, alleged an unfair labor practice. Cooper v. AFSCME, 656 A.2d 1141 (D.C.1995), concerned a complaint for the breach of the duty of fair representation of an employee by a union, whereas the instant case pertains to the District’s implementation of a compensation policy. In addition, the majority try to fit the instant case into two non-appellate court cases where “PERB has previously asserted jurisdiction over claims in which the alleged violation occurred when the claimant was no longer a District employee.” But those cases are quite different and do not control the outcome of this case. The complaints in both non-appellate court PERB cases, one involving accrued sick leave and the other, the implementation of a grievance settlement agreement regarding annual leave and retirement, specifically invoked the unfair labor practices statute. The third cited case, Stockard v. Moss, 706 A.2d 561 (D.C.1997), related to a slander claim by a former employee, not a challenge to the *1043 District’s implementation of a compensation policy. Simply put, then, none of the cases on which the majority opinion relies address the rather complex jurisdictional and merit issues presented by the plaintiffs in this case.
While I believe that the Superior Court has jurisdiction over plaintiffs’ complaint, even if there is doubt as to whether the Superior Court or one of the specialized agencies mentioned in the CMPA, has jurisdiction (PERB if the case is viewed as challenging the District’s compensation policy under Title XVII of the CMPA, or OEA if the case is viewed as a challenge to the compensation policy under Title XI of the CMPA), the proper course would be a remand to the trial court, with instructions to hold the case in abeyance and to transmit the jurisdictional issue either to PERB or OEA for resolution of the jurisdictional issue in the first instance. See Grillo v. District of Columbia, 731 A.2d 384, 387 (D.C.1999) (citing Taggarb-Wilson v. District of Columbia, 675 A.2d 28, 29 (D.C.1996)). The decision of the majority to resolve the jurisdictional issue itself, by declaring that PERB has exclusive jurisdiction in this case, runs counter to this court’s adherence to a longstanding and fundamental principle, “we cannot impose our own construction [of an agency’s statute], but rather defer to the agency’s interpretation.” Dupree v. District of Columbia Office of Emp. Appeals, 36 A.3d 826, 834 (D.C.2011) (citation omitted). We also emphasized in Grillo, supra, that “the trial judge’s dismissal of the action was premature, for the suit may proceed if the OEA concludes that it lacks jurisdiction.” Id. at 387. Therefore, as I read our cases, even if the majority remain convinced that PERB had jurisdiction, the proper course is to vacate the trial court’s order and to remand the case to the trial court, with instructions to stay the proceedings and to remand the case to PERB “for a determination as to that agency’s jurisdiction.” Id. Therefore, I respectfully dissent.